Abob Stetjer, J.
This appeal highlights a practice about which this court has a continuing concern. Almost four months elapsed between the conclusion of the trial and rendition of the decision. We appreciate that some points in the case have a degree of subtlety that required study and research and that time was needed for both. When the decision was handed down, however, it was a bald statement of the conclusion without any explanation of how it was arrived at. We are at a loss to know, therefore, whether the trial court reached his conclusion on the same reasoning as our own or even on the same determination of ultimate facts. As to the latter, we are relegated to a finding that the record contains proof which preponderates in favor of the conclusions we have reached. Thus, the superior opportunity of the trial court for making an adjudication on any contested issue goes to waste, and the possibility that our findings do not coincide with those of the trier of the facts is always present.
Though there may be no provision of law that requires a Municipal Court Justice to state his findings of fact and conclusions of law, we feel that where a case is so complex that it takes several months to arrive at a decision, a short statement of the course by which the judge arrived at his result should be set out. And the practice could well be adopted in every ease where from the nature of the litigation the judge would have good reason to expect that the issues would be presented to one or more appellate courts.
The action is on a performance bond. Plaintiff was the general contractor on a construction job in New Jersey. It subcontracted the painting to one Hass and defendant gave a bond for $5,300 conditioned on Hass’ performance. Hass defaulted part way through the job and plaintiff completed the contract. The extra cost was $3,914.63. This sum defendant paid under a conditional release. While Hass was on the job one of his employees named Murphy was injured and became entitled to compensation. Hass did not have compensation insurance and by New Jersey law plaintiff became liable for Murphy’s claim. This was paid by plaintiff’s compensation carrier. Plaintiff became liable to the carrier for an additional premium which it paid and which also defendant paid to plaintiff included in the extra cost of completion. The compensation payments to Murphy exceeded $6,000. This suit is for the balance of the bond, $1,435.37 and the issue is whether defendant is liable for the compensation paid to Murphy.
The contract between Hass and plaintiff, for whose performance the. bond was given, provided that it was entered into *518 “ with the understanding that the subcontractor carries Workmen’s Compensation Insurance ” and further provided “ Certificates of insurance must be furnished to the General Contractor prior to the commencement of work. ’ ’ No such certificates were ever furnished as Hass never had any insurance.
It is to be observed that having insurance is a condition precedent to the contract rather than an obligation of it. Defendant claims that this condition was waived by plaintiff. Waiver being a matter of intent it was incumbent on defendant to establish that plaintiff knew that Hass did not have insurance when he entered on the performance of the contract and desired Hass to do so despite this. The proof in that regard is clear. Klausner, plaintiff’s office manager and a lawyer testified that plaintiff knew when Hass went to work that he did not have insurance. While this probably would not affect a suit by plaintiff against Hass on the New Jersey statute, as against a surety, a waiver of any condition without the consent of the surety precludes a claim which would not have arisen if the condition had been insisted on. There is one other point that needs discussion. Plaintiff argues that knowledge is not sufficient — there must also be proof that with the knowledge plaintiff intended to give up its right. As to this it certainly intended to allow Hass to start work Avithout the insurance — though there is proof that later it made demands on Hass to get insurance. But as seen the starting is the important point in this case. Secondly, Avhether there was an intent to waive in view of what happened is a question for the trier of the facts.
The judgment should be affirmed, with $25 costs.
Hoestadter and Hecht, JJ., concur.
Judgment affirmed, etc.