■ FACILITIES DEVELOPMENT CORPORATION, Respondent, v NAUTILUS CONSTRUCTION CORPORATION, Defendant, and INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant. (And Third- and Fourth-Party Actions.)—Kane, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered August 29, 1988 in Albany County, which denied a motion by defendant International Fidelity Insurance Company for summary judgment dismissing the complaint against it.

Plaintiff, a public benefit corporation, entered into three contracts with defendant Nautilus Construction Corporation (hereinafter Nautilus) for heating, plumbing and electrical renovation work at a community residence for the mentally retarded and developmentally disabled. The contracts contained provisions requiring Nautilus to obtain fire insurance of its work and provided that: "Before commencing the work [Nautilus] shall furnish to [plaintiff] a certificate or certificates of [fire] insurance in form satisfactory to [plaintiff] showing that it has complied with this Article". Nautilus began work on June 18, 1981. On September 10, 1981, plaintiff received from Nautilus a fire insurance binder naming plaintiff as loss payee on an All City Insurance Company policy covering the community residence. Nautilus had also procured performance

bonds for the work which were issued by defendant International Fidelity Insurance Company (hereinafter defendant). On October 14, 1981, the community residence was destroyed by fire. Nautilus' fire insurance company denied coverage on the ground that, *inter alia,* it did not issue policies insuring a builder's risk. Thereafter, plaintiff commenced this action against Nautilus for breach of contract in failing to properly maintain the fire insurance and against defendant as surety on its performance bond. Defendant subsequently moved for summary judgment dismissing the complaint against it, contending that plaintiff breached or waived a condition precedent to the contract by permitting Nautilus to begin work prior to submitting a certificate of fire insurance and by accepting an insufficient insurance binder from Nautilus. Supreme Court denied the motion, holding, *inter alia,* that the fire insurance provisions of the contract were not conditions precedent. This appeal by defendant followed.

We affirm. "To make a provision in a contract a condition precedent, it must appear from the contract itself that the parties intended the provision so to operate" (22 NY Jur 2d, Contracts, § 234, at 82). We cannot construe the construction contracts as requiring performance of the insurance provisions therein as a condition precedent to the obligations of the parties thereunder. Unlike *Lucarelli & Co. v Central Sur. & Ins. Corp.* (11 Misc 2d 516), in which *having* workers' compensation insurance was a condition precedent to the contract's existence, obtaining fire insurance here was one provision among several that the parties intended to be performed in due course under the contract. Given that conclusion, we find that sufficient issues of fact exist such that Supreme Court properly denied defendant's motion for summary judgment.

Order affirmed, without costs. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.