■ STONE TRAVEL AGENCY, INC., et al., Appellants, v CONSTANTINE LAMBROU et al., Respondents.—Mahoney, P. J. Appeal from an order of the Supreme Court (Rose, J.), entered October 2, 1990 in Tompkins County, which, inter alia, awarded partial summary judgment to defendants.

In 1984 plaintiff David Moore (hereinafter plaintiff), manager of plaintiff Stone Travel, Inc. (hereinafter the corporation), and defendants contracted for the sale of the corporation to plaintiff. The agreement provided that defendants were liable for taxes then outstanding or which occurred prior to closing and would indemnify plaintiff for any tax liabilities which arose from any "operations or transactions entered into, or any state of facts existing, prior to the closing date". However, before the scheduled closing date, defendants alleged that plaintiff had been stealing funds from the corporation and they commenced an action to recover the money. During settlement negotiations, it was disclosed that prior to March 1984, loans in the gross sum of $137,700 had been made by the corporation to defendants. In 1985, as part of the settlement of defendants' lawsuit, it was agreed that the loans would be excused as part of plaintiff's purchase price for the corporation. However, the agreement did not specify how the loans were to be treated for tax purposes.

Following the closing on June 22, 1985, it was agreed that the loans would be treated as employee compensation during 1985 which translated into Federal and State tax deductions for the corporation, which plaintiff used to offset income from previous years resulting in tax refunds. Defendants commenced a second action against plaintiff to recover the refunds, which proved unsuccessful after a jury determined that defendants failed to establish a contractual right to the refunds. An Internal Revenue Service audit during trial determined that the loans could be treated retroactively as compensation, but that $11,272 was due for FICA, Federal income tax withholding and FUTA taxes which had not been withheld.

Plaintiff paid the taxes due and commenced this action seeking reimbursement on the ground that the taxes were liabilities of the corporation which had arisen prior to the June 22, 1985 closing and, therefore, pursuant to the sale contract were defendants' responsibility. After issue was joined, plaintiff moved for summary judgment. Supreme Court granted plaintiff partial summary judgment on issues herein unrelated and, *sua sponte,* awarded defendants summary judgment as to the tax liabilities on the loan forgiveness. This appeal by plaintiff ensued.

We affirm. In reliance upon the agreement between the parties, plaintiff argues that since the borrowing of the $137,700 was a transaction that occurred prior to the closing on June 22, 1985 and, therefore, pursuant to the sales contract, an obligation of defendants, the order awarding partial summary judgment to defendants must be reversed. We disagree.

It is the burden of the party seeking summary judgment, in an action which turns on the construction of an unambiguous contract, to show that their construction is the only one that flows naturally from the words used *(see, Dowdle v Richards,* 2 AD2d 486, 489; *accord, Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301, 303-304, *affd* 78 NY2d 944). Here, plaintiff has failed to meet that burden. While it cannot be disputed that the loan itself was an act or transaction between the parties which occurred prior to the date of closing, the recharacterization of the loan as compensation, which created the tax liabilities, was an act which occurred after closing and constituted a state of facts which did not exist prior to closing. Accordingly, we agree with Supreme Court's finding that plaintiff was not entitled to recover the taxes paid on the forgiveness of the loans because the 1985 settlement agreement failed to address the resulting liabilities and benefits retroactively created.

Casey, Weiss, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.