■ PETER A. ROTELLA, Respondent, v SAM ROTELLA JR., Appellant, and JENNIE ROTELLA, Respondent. (And Two Other Related Actions.)—Weiss, J. P. Appeals (1) from that part of

an order of the Supreme Court (Coutant, J.), entered October 31, 1990 in Broome County, which denied defendant Sam Rotella Jr.'s cross motion for summary judgment dismissing the complaints against him, and (2) from an order of said court, entered April 10, 1991 in Broome County, which, *inter alia,* adhered upon reargument to its prior decision denying said defendant's cross motion for summary judgment dismissing the complaints against him.

This appeal involves three separate actions commenced by plaintiff against his brother, Sam Rotella Jr. (hereinafter Sam), and his mother, Jennie Rotella (hereinafter Jennie), seeking dissolution of two real estate partnerships with Sam. In the third action, plaintiff seeks money damages against Sam and Jennie for fraud, breach of fiduciary duty, misman- agement and misuse of the assets of Endwell Construction Company, Inc., in which all three are the sole shareholders. By separate orders dated June 1, 1989 and June 29, 1989, Supreme Court appointed a temporary receiver of the real estate owned by the partnerships and of all the assets of the corporation. A settlement agreement reached June 1, 1990 was not culminated because of disagreement over payment of the real property taxes on the parcels to be conveyed among the brothers and the failure of Jennie to pay plaintiff the agreed sum of $60,000. Sam has appealed from those parts of an order of Supreme Court entered October 31, 1990 which denied his cross motion for summary judgment dismissing the complaints against him and to terminate the receiverships. He has also appealed from an order entered April 10, 1991 which, upon reargument, denied his cross motion for summary judg- ment and granted plaintiff's cross motion to strike Sam's affirmative defenses and counterclaim related to. the settle- ment agreement.

The contentions of the parties are clear. Sam contends that Jennie's failure to pay plaintiff $60,000 did not constitute his own breach of the settlement agreement and that he, as a nonbreaching party to a tripartite contract, is entitled to enforcement against all parties, citing to *Berry Harvester Co. v Wood Mowing & Reaping Mach. Co.* (152 NY 540). Plaintiff argues that his entitlement to both the $60,000 from his mother and the adjustment of all unpaid taxes on the real estate constituted unfulfilled conditions precedent to his own performance. We agree. Paragraph 7 of the settlement agree- ment clearly states that the agreement is contingent upon and conditioned upon the receipt of good and marketable title to the real property to be transferred with adjustments as of the

transfer date and the parties producing the cash payments at the closing. Jennie's failure to pay $60,000 to plaintiff was a breach of a condition precedent on her part. Sam's refusal to pay the outstanding real property taxes on the parcels he was to convey to plaintiff constituted his own breach inasmuch as paragraph 5 of the agreement clearly placed the responsibility for payment of all bills, obligations or accounts payable attributable to the properties to be transferred upon Sam and Jennie, who both agreed to indemnify and hold plaintiff harmless.

The resolution of this appeal does not require extensive discussion since paragraphs 5 and 7 of the agreement evidence the intention of the parties (see, Facilities Dev. Corp. v Nautilus Constr. Corp., 156 AD2d 911, 912; 22 NY Jur 2d, Contracts, § 234, at 82) and the obligations of Sam and Jennie to plaintiff. Giving the words of the agreement their plain meaning (Siebel v McGrady, 170 AD2d 906, 907, lv denied 78 NY2d 853), it is clear that the settlement was contingent upon and conditioned upon performance of specific acts by the parties. Sam has failed to show that his construction of these unambiguous clauses is the only one that flows naturally from the words used (see, Stone Travel Agency v Lambrou, 176 AD2d 1170). Accordingly, we cannot say that Supreme Court erred in denying Sam's cross motion for summary judgment.

Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the orders are affirmed, with costs.