■ ANTHONY L. NAVILIA, Appellant-Respondent, v WINDSOR WOLF ROAD PROPERTIES COMPANY, Respondent-Appellant. [671 NYS2d 184] —Cardona, P. J. Cross appeals from a judgment of the Supreme Court (Teresi, J.), entered November 7, 1996 in Albany County, upon the dismissal of the complaint and counterclaims at the close of plaintiff's case.

Defendant is the owner of certain real property located at the corner of Wolf and Sand Creek Roads in the Town of Colonie, Albany County, which is currently improved by a shopping center. Plaintiff has a life estate interest in a parcel of property located adjacent to the entrance of the shopping center upon which there exists an old house occupied by plaintiff as well as various outbuildings. Plaintiff's property is overrun with vegetation and abandoned vehicles. The buildings located thereon are in a dilapidated condition. Defendant has an apparent remainder interest in plaintiff's property.

In an effort to improve the appearance of plaintiff's property prior to the opening of the shopping center, defendant entered into a written agreement with plaintiff in July 1989. Under paragraph 1, defendant agreed to pay plaintiff $100,000 upon the signing of the agreement and $75,000 upon plaintiff's commencement of performance of the conditions set forth in paragraphs 3 or 20. Plaintiff agreed, under paragraph 3, to complete the selection and purchase of a modular home and garage to be placed upon his property within a reasonable time after the execution of the agreement. If the conditions of paragraph 3 could not be met due to the denial of zoning approval by the Town of Colonie, paragraph 20 obligated plaintiff to repair his existing house in accordance with a plan reasonably approved by defendant. Paragraph 19 of the agreement further provided that plaintiff would execute a quitclaim deed to his life estate upon the signing of the agreement; however, said deed would be held in escrow by defendant pending its payment of the $75,000 to plaintiff. In addition, under paragraph 8, plaintiff agreed to allow defendant to clean up the premises, including removing the existing house, debris and abandoned vehicles, within one year after the completion of the modular home and garage.

After the agreement was signed, defendant paid plaintiff the sum of $100,000 and plaintiff executed the quitclaim deed. Defendant undertook efforts to obtain zoning approval from the Town for plaintiff to construct a new home upon the property and plaintiff began negotiations with two modular home builders. The Town subsequently informed defendant that a building permit would be issued upon the contingency that the existing structures be demolished and the property cleaned up within 30 days after the issuance of a temporary certificate of occupancy. Dissatisfied with the clean-up time frame, plaintiff intervened and the Town agreed to extend the time to six months. Thereafter, however, plaintiff refused to sign a supplemental agreement with defendant, required by the Town, providing that the clean-up be completed within six months of the issuance of a temporary certificate of occupancy. Such refusal was attributable to the Town's assignment of a new address to plaintiff's property, that being 98A Wolf Road in place of 98 Wolf Road. As a result, no building permit was ever issued and no modular home or garage was ever constructed upon plaintiff's property.

Thereafter, on or about May 16, 1995, plaintiff commenced this action against defendant alleging breach of the July 1989 agreement. Defendant, in turn, served an answer asserting, *inter alia*, a counterclaim for the return of the $100,000 advanced to plaintiff. The case proceeded without a jury and, at the close of plaintiff's proof, defendant moved for a directed verdict dismissing the complaint and granting it judgment on its counterclaims. Supreme Court dismissed both the complaint and the counterclaims. These cross appeals ensued.

Initially, plaintiff asserts that Supreme Court erred in dismissing the complaint inasmuch as he complied with all conditions precedent under the contract entitling him to the remaining $75,000. We find this argument unpersuasive. It is well settled that no action for breach of contract lies where the party seeking to enforce the contract has failed to perform a specified condition precedent (*see, Grin v 345 E. 56th St. Owners*, 212 AD2d 504; *Rotella v Rotella*, 178 AD2d 755). In this case, plaintiff failed to comply with paragraph 3. Although he engaged in negotiations with two modular home builders regarding the purchase of a new modular home and garage, he never met with them to finalize the construction specifications, made a down payment or entered into a contract. In our view, these actions were at the very minimum necessary to establish that he commenced the *purchase* of the modular home and garage as required under paragraph 3. Because plaintiff failed to

satisfy this condition, he is not entitled to the $75,000 provided for in paragraph 1 of the contract.

Our conclusion is not altered by plaintiff's contention that his failure to construct a modular home and garage upon his property is due to the Town's refusal to issue a building permit. Although plaintiff attempts to argue impossibility of performance, this doctrine is applicable only where the "performance of a condition is rendered impossible by an unanticipated event that could not be foreseen or guarded against in the contract" (*Kel Kim Corp. v Central Mkts.*, 131 AD2d 947, 949, *affd* 70 NY2d 900; *see, Inter-Power of N. Y. v Niagara Mohawk Power Corp.*, 208 AD2d 1073, 1074). Here, the record establishes that the initial difficulty concerning the issuance of the building permit arose out of the 30-day clean-up period the Town wanted to impose as a contingency. Plaintiff resolved this issue himself by obtaining from the Town a six-month extension of this time period. The record, however, discloses that plaintiff subsequently refused to enter into the supplemental agreement incorporating this time period because of the Town's change of his address. Plaintiff's failure to sign the supplemental agreement constitutes a breach of his obligation to cooperate in obtaining zoning approval under paragraph 6 of the agreement. Under these circumstances, the Town's subsequent refusal to issue a building permit was not unforeseeable and, therefore, the doctrine of impossibility of performance is inapplicable. Moreover, since we are of the view that plaintiff's lack of cooperation was not reasonable, we find that the alternative provisions of paragraph 20 were not invoked. Accordingly, Supreme Court properly dismissed the complaint.

We reach a different conclusion, however, with respect to the dismissal of defendant's counterclaim for the return of the $100,000. Defendant argues that plaintiff breached his obligations under the agreement and, therefore, is liable for the return of this money. Resolution of this issue turns upon whether the provisions of the parties' agreement are indivisible or severable. This is generally " 'a question of intention, to be determined from the language employed by the parties, viewed in the light of the circumstances surrounding them at the time they contracted' " (*Barden & Robeson Corp. v Timmerman*, 116 AD2d 814, 815-816, quoting *Christian v Christian*, 42 NY2d 63, 73).

In this case, upon the signing of the agreement, defendant was obligated to pay plaintiff $100,000 under paragraph 1 and plaintiff was required to execute the quitclaim deed under paragraph 19. While at first glance these provisions appear

severable, paragraph 19 further provided that the deed would be held in escrow by defendant until the balance of $75,000 was paid to plaintiff. Inasmuch as the provisions respecting the deed are intertwined with the provisions respecting payment, the parties clearly intended the contract to be indivisible. Because plaintiff failed to comply with his obligations under the terms of the agreement and defendant obtained absolutely no benefit from plaintiff's execution of the quitclaim deed which it was obligated to hold in escrow, we conclude that defendant is entitled to the return of the $100,000 previously advanced to plaintiff. Accordingly, judgment should have been granted in favor of defendant on this counterclaim.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, with costs to defendant, by reversing so much thereof as dismissed defendant's counterclaim for the return of the $100,000 advanced to plaintiff; counterclaim reinstated and motion for a directed verdict on this counterclaim granted, with interest; and, as so modified, affirmed.