■ HOWARD CARR et al., Appellants-Respondents, v JAY BIRNBAUM et al., Respondents-Appellants. [905 NYS2d 705]—

Stein, J. Cross appeals from a judgment of the Supreme Court (Egan Jr., J.), entered March 27, 2009 in Albany County, upon a decision of the court partially in favor of defendants.

In 1995, plaintiff Howard Carr sought financial assistance from defendant Jay Birnbaum in connection with a real estate development project that Carr had commenced the year before. Birnbaum[1] agreed to provide financing pursuant to the terms of a development agreement signed by Carr, individually, and as president of plaintiff Howard Group, LLC (hereinafter referred to as Howard) and by Birnbaum. As relevant here, that agreement specified that Birnbaum would take title to the real property, hire Howard to develop and manage an 11,680-square-foot office building being constructed on the property, and pay Howard "a fee of $102,000 for the development and leasing of the full 11,680" square feet. A separate provision granted Carr a personal option to purchase 50% of the property within five years after Birnbaum had acquired it. However, pursuant to the agreement, if Carr notified Birnbaum that he did not intend to exercise his option, "Birnbaum [would] pay [Howard] $102,000" (less certain payments made, if any).

In October 2002, Carr contracted, through an entity owned

1. For the purposes of this appeal, we do not distinguish between those actions taken by Birnbaum, individually, and those performed by Birnbaum in his capacity as principal of defendant Jay Birnbaum Company or defendant JBJ Queensbury.

by him, to purchase 100% of the property from Birnbaum, and a $102,000 credit against the total sale price was included in the proposed closing statement.[2] However, the sale was not consummated due to a dispute regarding whether unpaid management fees—purportedly owed to plaintiff Howard Group Management Company, Inc. pursuant to a separate agreement—should also be credited against the purchase price. Shortly thereafter, disputes arose regarding Howard's development and management of the property and Birnbaum terminated Howard's and Carr's services. In 2006, plaintiffs commenced this action alleging breach of contract and unjust enrichment stemming from defendants' failure to pay the $102,000 called for in the development agreement and the contested management fees. Following a nonjury trial, Supreme Court ruled in favor of plaintiffs with regard to the management fees, but dismissed that portion of the complaint seeking $102,000. This appeal by plaintiffs ensued.[3]

We affirm. In our view, the plain and unambiguous terms of the development agreement entitled plaintiffs to payment of the sum of $102,000 either upon the "leasing of the full" office space or "[i]f Carr notifie[d] Birnbaum that he intends not to exercise his option to purchase the 50% available to him." We find both contingencies to be conditions precedent to plaintiffs' receipt of the $102,000. In that regard, we disagree with plaintiffs' assertion that defendants' pleadings failed to comply with the particularity requirements of CPLR 3015 (a). Inasmuch as the complaint alleged that plaintiffs fulfilled all of the obligations contained in the development agreement, defendants' general denials were sufficient to place the performance or occurrence of the conditions precedent in issue (see *Allis-Chalmers Mfg. Co. v Malan Constr. Corp.*, 30 NY2d 225, 233-234 [1972]; *United States Fid. & Guar. Co. v Delmar Dev. Partners, LLC*, 22 AD3d 1017, 1022 [2005]), and the burden of proof was on plaintiffs to establish same (see CPLR 3015 [a]).

Turning to the merits, "[i]t is well settled that no action for breach of contract lies where the party seeking to enforce the contract has failed to perform a specified condition precedent" (*Navilia v Windsor Wolf Rd. Props. Co.*, 249 AD2d 658, 659 [1998]). Here, the record reveals that the building was not fully

---

**2.** The credit is shown as a development fee to plaintiff Linda Carr. Although she and Birnbaum executed an agreement subsequent to that entered into by Birnbaum, Howard and Carr, the parties here concede that the earlier agreement governs the parties' respective obligations.

**3.** Defendants have abandoned their cross appeal regarding Supreme Court's award of management fees.

leased until 2004, approximately one year after plaintiffs' services had been terminated. Accordingly, defendants were under no duty to pay plaintiffs the $102,000 pursuant to the leasing provision.

The record similarly fails to support plaintiffs' assertion that Carr provided Birnbaum with notification indicating that he did not intend to exercise his option to purchase 50% of the property. To the extent that plaintiffs contend that notice was given in July 2003 following Carr's unsuccessful attempt to purchase 100% of the property, we note that, pursuant to the explicit terms of the development agreement, Carr's option to purchase 50% of the property extended to "any time within the first five (5) years after the fee title is purchased by Birnbaum." As Birnbaum took title to the property in July 1996, the option expired in July 2001. Notably, Carr's testimony indicates his awareness of this fact. Consequently, plaintiffs failed to demonstrate that Carr satisfied the condition precedent pursuant to the option provision of the development contract and defendants were under no obligation to pay plaintiffs the $102,000 under that provision (*see generally Boghosian v SCS Props.*, 299 AD2d 693, 694-695 [2002]).

Finally, given the existence of an enforceable agreement regarding the disputed subject matter, plaintiffs are not entitled to recover under a theory of unjust enrichment (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]; *White v Ivy*, 63 AD3d 1236, 1238-1239 [2009]). Plaintiffs' remaining arguments, to the extent not specifically addressed herein, have been reviewed and are determined to be without merit.

Spain, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.