■ MARINE MIDLAND BANK, N.A., Respondent, v ARTHUR GREEN et al., Appellants. [— NYS2d —] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered June 21, 1993, awarding damages in favor of plaintiff and against defendants and bringing up for review an order, same court and Justice, in an action seeking to recover on promissory notes, granted plaintiff's motion for summary judgment and dismissed defendants' counterclaim alleging plaintiff's breach of an oral agreement to loan defendants additional money, unanimously affirmed, with costs.

Defendants adduce no facts tending to show partial performance of the alleged oral agreement to loan them $2 million such as would take it out of the Statute of Frauds or that plaintiff's conduct was such as to estop it from asserting the Statute of Frauds. Each of the six figure loans claimed to constitute partial performance of an overriding oral agreement is evidenced by a written instrument that contains no reference to any other transaction and was made within what defendants admit was an ongoing relationship with the plaintiff's Private Banking Department, and therefore can be unintelligibly explained without reference to the alleged oral agreement (see, Anostario v Vicinanzo, 59 NY2d 662, 664). And even if plaintiff had orally agreed to the large loan, there would be nothing about such an agreement inherently incompatible with enforcement of the smaller written loans (see, Rose v Spa Realty Assocs., 42 NY2d 338, 344). Nor would defendants be able to show the necessary element of justifiable reliance, the individual defendant as the IAS Court aptly noted, being a sophisticated real estate investor who could not have believed that plaintiff would extend a $2 million loan "on a word and a handshake" while requiring a complicated set of writings for loans in far smaller amounts (see, Ginsberg v Fairfield-Noble Corp., 81 AD2d 318, 321-322).

Defendants' assertion of their jurisdictional defense is a fact

based argument that could have been countered had it been made before the IAS Court, and will therefore not be heard for the first time on appeal *(see, City of New York v Stack,* 178 AD2d 355, *lv denied* 80 NY2d 753). Were we to consider it, we would find it without merit.

We have considered the defendants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Wallach, Ross, Rubin and Williams, JJ.