■ 401 HOTEL, L.P., Appellant, v MTI/IMAGE GROUP, INC., Respondent. (Action No. 1.) MTI/IMAGE GROUP, INC., Appellant, v 401 COMMERCIAL, L.P., Doing Business as NEW YORK's HOTEL PENNSYLVANIA, et al., Respondents. (Action No. 2.) [674 NYS2d 318] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about April 8, 1998, which denied the motions of plaintiffs in each of these consolidated actions for preliminary injunctive relief, unanimously affirmed, without costs.

Since plaintiffs failed to demonstrate, *inter alia*, a likelihood of success on the merits, their motions for preliminary injunctive relief were properly denied (*see, Grant Co. v Srogi*, 52 NY2d 496, 517).

In action number 1, plaintiff 401 Hotel, L.P., sought to enjoin defendant MTI's renovation of premises leased by 401 to MTI. Article 40.5 of the parties' lease, however, specifically allowed MTI to make minor alterations, including the erection and removal of interior partitions, without the landlord's permission and without triggering otherwise applicable notice and insurance requirements, and since plaintiff did not demonstrate a likelihood that MTI's alterations fell outside the lease's grant of permission, the requisite grounds for an injunction were not established as of the time of the subject disposition, the court referring the issue of whether the contested alterations were in fact minor for a hearing pursuant to CPLR 6312.

In action number 2, plaintiff therein, MTI, sought an injunction to enforce the terms and conditions of an alleged additional lease agreement to occupy and utilize certain premises adjacent to those already leased from defendant landlords. It would appear, however, on the present state of the record, that the alleged lease is void pursuant to the Statute of Frauds, since the record indicates that the parties' negotiations never resulted in a documented agreement respecting all material lease terms (*see, Cohen v Swenson*, 140 AD2d 407). Nor is there evidence of an act of part performance " 'unequivocally referable' " to the purported agreement and thereby sufficient to take the agreement out of the Statute (*Burns v McCormick*, 233 NY 230, 232).

Further, plaintiff failed to show that defendants should be promissorily estopped from denying the existence of the alleged additional lease since plaintiff failed to demonstrate in support of its motion a clear and unambiguous promise by defendants upon which it reasonably and foreseeably relied to its detriment (*see, Esquire Radio & Elecs. v Montgomery Ward & Co.*, 804 F2d 787, 793). It is at best a dubious proposition that plaintiff's principal, a sophisticated businessman, justifiably relied upon anything short of a sufficiently documented agreement to lease additional space when he undertook on plaintiff's behalf other substantial contractual commitments the satisfaction of which depended upon the availability of that additional space (*see, e.g., Marine Midland Bank v Green*, 209 AD2d 288, *lv dismissed and denied* 85 NY2d 1029). Moreover, equitable relief specifically enforcing the alleged contract or estopping defendants from denying its existence is unneces-

sary and, therefore, inappropriate, since should plaintiff prevail upon either theory at trial it can be compensated monetarily.

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Williams, J. P., Tom, Mazzarelli and Andrias, JJ.