■ YESHIVA UNIVERSITY, Respondent, v SHARON G. GREENBERG, Appellant. [681 NYS2d 71] —In an action, *inter alia*, to determine ownership of an antibody known as PHF-1 and the cell line which produces it, the defendant appeals from an order of the Supreme Court, Westchester County (Coppola, J.), dated June 23, 1997, which, *inter alia*, granted the plaintiff's motion for summary judgment on the complaint and denied

her cross motion for partial summary judgment in her favor on the complaint and her counterclaims.

Ordered that the order is affirmed, with costs.

From 1987 until 1991, the defendant was employed as a research assistant in the Pathology Department of Albert Einstein College of Medicine (hereinafter AECOM), a division of the plaintiff. The focus of her research was Alzheimer's disease. Sometime during 1987 and 1988, the defendant developed PHF-1, an antibody which can detect specific genetic markers which are associated with Alzheimer's disease, and a cell line which produces PHF-1. The antibody holds promise for aiding in the development of a diagnostic test and/or a treatment for Alzheimer's disease, and apparently has great potential commercial value. When the defendant left the employ of AECOM, she took samples of both PHF-1 and the cell line to her new position in order to continue her work. This was permissible under AECOM policy, which allowed continued academic research by former employees. Further, AECOM would accommodate qualified third parties seeking samples of antibodies and biological materials pursuant to a material transfer agreement, which limited use to noncommercial purposes.

In June 1994, AECOM learned that the defendant was distributing PHF-1 and the cell line to various entities, including a commercial entity. When the defendant asserted that she was the owner of PHF-1 and she had the right to distribute it for commercial and academic purposes without interference from AECOM, the plaintiff commenced this action. The plaintiff sought, *inter alia,* a ruling that it was the owner of PHF-1 and the attendant cell line and a permanent injunction against the defendant's further dissemination of either. The defendant counterclaimed alleging abuse of process, tortious interference with contract relations, and tortious interference with business relations. After issue was joined and various pre-trial activities were completed, the plaintiff moved for summary judgment on the complaint and all counterclaims, and the defendant cross-moved for partial summary judgment on the complaint and on her counterclaims. We affirm the grant of summary judgment in favor of the plaintiff and against the defendant.

The Court of Appeals has stated: "If an employee is hired to invent or is given the task of devoting his efforts to a particular problem, the resulting invention is the employer's, and any patent obtained by the employee must be assigned to the other * * * On the other hand, an employee whose employment is 'general' is entitled to retain any patent which he procures and need not assign it to his employer, even though his employ-

ment 'cover a field of labor and effort in the performance of which the employee conceived the invention for which he obtained a patent'" (*Cahill v Regan,* 5 NY2d 292, 296, quoting *United States v Dubilier Condenser Corp.,* 289 US 178, 187). Here, in response to the prima facie case proffered by the plaintiff that the defendant's work at AECOM was sufficiently directed as to area, method, and intended result to warrant judgment on the issue of ownership of PHF-1 and the related cell line in favor of it, the defendant failed to raise a triable issue of fact, *inter alia,* that she was engaged in mere generalized research in the field of Alzheimer's disease when she made her discovery (*see, Cahill v Regan,* 5 NY2d 292, *supra; Oliver v Lockport Mills,* 6 Misc 2d 356; *United States v Dubilier Condenser Corp.,* 289 US 178, *supra*). Thus, the Supreme Court did not err in granting the plaintiff's motion for summary judgment on the issue of, *inter alia,* ownership of the antibody and cell line.

The defendant's remaining contentions are without merit. Bracken, J. P., Miller, Ritter and Thompson, JJ., concur.