■ F. GAROFALO ELECTRIC Co., INC., Respondent, v NEW YORK UNIVERSITY et al., Appellants. NEW YORK UNIVERSITY, Third-Party Plaintiff-Appellant-Respondent, v INTERSTATE INDUSTRIAL CORPORATION et al., Third-Party Defendants-Respondents-Appellants. [705 NYS2d 327] —Order, Supreme Court, New York County (Barry Cozier, J.), entered June 23, 1998, insofar as it denied the motion of defendant and third-party plaintiff New York University (NYU) for partial summary judgment dismissing the third and fifth causes of action in the complaint, denied the motion for summary judgment of defendants Morse Diesel International (MD International), Morse/Diesel, Inc. (Morse/Diesel) and Amec Projects, Inc. (Amec) (collectively referred to as MDI) to dismiss portions of the fourth cause of action and the fifth cause of action, denied that branch of third-party defendant Interstate Industrial Corporation's (Interstate) cross-motion for summary judgment dismissing NYU's third-party claim for common law indemnification, and order, same court and Justice, entered April 20, 1999, insofar as upon renewal, it adhered to the prior order denying NYU's motion for summary judgment, unanimously reversed, on the law, without costs, the motions for partial summary judgment and the cross-motion for summary judgment granted, the third and fifth causes of action dismissed against NYU, the fourth and fifth causes of action dismissed against MDI and the third-party complaint dismissed in its entirety. The Clerk is directed to enter judgment in favor of third-party defendants dismissing the third-party complaint in its entirety.

This action arises out of a dispute concerning the construction of NYU Medical School's Skirball Institute of Biomolecular Medicine and Residential Tower, a mixed-use 23 story building located in Manhattan at 540-560 First Avenue. Construction of the building began in 1990, and a temporary certificate of occupancy was issued in 1993.

Plaintiff F. Garofalo Electric Co., Inc. was the electrical contractor for the construction project. Pursuant to an agreement, dated November 20, 1990, with NYU, plaintiff agreed to install the electrical systems. Plaintiff alleged that from the outset the project was plagued by delays and that the delays were the result of significant changes in the construction

methodology. In that regard, plaintiff complained that MDI, as the construction manager for the project, failed to coordinate plaintiff's work and the work performed by Interstate and other contractors. As a consequence, Interstate's construction work allegedly damaged work that plaintiff had already performed, and imposed other unanticipated delays on plaintiff. In order to remedy such damages and ensuing delays, plaintiff alleged that NYU and MDI required and directed it to perform certain extra work, labor, and services, and to furnish certain extra materials and equipment, both of which plaintiff claimed were not required under the terms of the contract. Plaintiff alleged that NYU and MDI agreed to pay for such extra work and material, and that in reliance on their oral representation, it performed the additional work and furnished the additional materials.

On November 17, 1993, plaintiff allegedly abandoned the project, and, as a consequence, NYU terminated the contract. Extensive completion and corrective work on the electrical systems by different contractors continued into 1995. This action ensued.

Plaintiff's complaint sets forth seven causes of action against NYU and MDI for breach of contract, and recovery of damages for delays and extra work performed. NYU moved for partial summary judgment to dismiss plaintiff's third cause of action for extra work performed, and the fifth cause of action seeking delay damages. The basis of the motion was that plaintiff had failed to provide the contractually required contemporaneous written notice and documentation of these claims, and that they were therefore barred. NYU also argued that the Statute of Frauds (General Obligations Law § 15-301 [1]) barred the claims inasmuch as plaintiff failed to demonstrate partial performance of an alleged oral modification which was unequivocally referable to same.

MDI moved to dismiss the second, fourth, and fifth causes of action. The second cause of action, which was also asserted against NYU, sought recovery for extra work. The fourth cause of action sought recovery of damages claimed in the first, second and third causes of action on the theory that such damages resulted from MDI's conduct that allegedly exceeded the scope of its authority. The fifth cause of action (also asserted against NYU) sought to recover delay damages arising out of MDI's purported misrepresentations. MDI argued that plaintiff had no basis upon which it could assert its claims against MDI for damages because MDI's role as the construction manager for the project was to act as agent for NYU. In that capacity,

MDI negotiated contracts with, and supervised the work of, trade contractors and vendors who performed construction work on the project. MDI contended that nothing in its construction management contract with NYU made it responsible for the costs of construction. Further, like NYU, MDI argued that plaintiff waived its claim for extra work by failing to comply with the notice requirements set forth in the contract.

MDI also moved to dismiss the sixth and seventh causes of action which sought to recover damages due to MDI's alleged negligence. MDI contended that it could not be held liable in negligence because New York law did not recognize a cause of action for economic loss caused by allegedly negligent performance of contractual duties. In any event, MDI had no duties with regard to plaintiff's contract other than those arising out of its contract with NYU, of which plaintiff was not a third-party beneficiary.

In opposition to the motions, plaintiff did not claim that it complied with the notice requirements or that the contract was modified by a signed writing, but, instead, argued that NYU, through MDI, its agent, either abandoned, waived or modified those requirements. In support of its argument, plaintiff relied principally on the deposition testimony of its employees to demonstrate that MDI's project manager orally instructed plaintiff to perform the extra work and keep track of hours and materials, and said "it would be taken care of at the end of the job". Plaintiff asserted that although the contract required that documentation be sent to both NYU and the architect (as well as to MDI), MDI directed plaintiff to deal exclusively with MDI and not to correspond with NYU or the architect. Further, plaintiff pointed to the deposition testimony of MDI's vice president, wherein he stated that MDI basically instructed plaintiff to "proceed with the work" without the paperwork required by the contract. Lastly, plaintiff maintained that its foreman and sub-foreman prepared Foreman's Daily Labor Reports and submitted them to MDI on a daily or weekly basis and that these reports were sufficient to meet the contract requirements. In addition, plaintiff argued that NYU's and MDI's motion should be denied because it was entitled to recover for theft, vandalism and damages.

Third-party defendant Interstate Industrial Corporation cross moved for summary judgment to dismiss the third-party action. It contended that the contractual indemnification clause was unenforceable since it never came into being; that common law indemnification was not applicable in actions where mere

economic losses were claimed; and, that contribution was not an available remedy because NYU was being sued on a contract and not in tort.

By decision and order dated June 23, 1998, the motion court denied NYU's motion for summary judgment, finding that genuine issues of fact existed as to whether plaintiff contemporaneously advised MDI of all work it considered to be extra work; whether plaintiff apprised MDI of all delays imposed; and whether there was a "departure from the [specific notice requirements of the] contract by both parties which suffices to make the question of waiver a fair question for the trier of fact".

The motion court granted MDI's motion and dismissed the second cause of action for the contract balance, and the branch of the fourth cause of action, which sought recovery of the contract balance (the same recovery sought in the first cause of action). The court also granted the motion as to the sixth and seventh causes of action which sought recovery of damages based on MDI's alleged negligence. The court found that plaintiff did not claim that it had a contractual relationship with MDI and failed to demonstrate how MDI could be liable for NYU's failure to pay plaintiff. Further, the court found that plaintiff failed to allege that MDI committed an intentional tort. The court, however, denied the balance of the motion on the ground that a genuine factual issue existed as to whether plaintiff waived its claims by failing to comply with the contract's notice requirements, and whether MDI had actual or apparent authority to modify the contract.

The motion court granted Interstate's cross motion to the extent that NYU's third-party claim for contribution and contractual indemnification was dismissed. The court found that NYU could not maintain a claim for contribution since it was being sued on a breach of contract theory in the first, second, third and fifth causes of action. The claim for contractual indemnification was also dismissed inasmuch as Interstate did not execute a contract that contained such a provision.

NYU and MDI moved to reargue. Upon reargument, the court adhered to its prior order denying NYU's motion. The IAS Court held that genuine issues of fact exist as to whether NYU's course of conduct could be deemed a ratification and validation if MDI acted outside the scope of its authority. Further, the court found that the dispute as to whether NYU's and MDI's conduct would effectuate a waiver or modification amounted to a credibility issue which could not be resolved on

a summary judgment motion. The motion court dismissed that branch of the fifth cause of action that sought recovery of economic damages resulting from MDI's negligent performance of its duties under the construction manager contract. However, the court would not dismiss the branch of the fifth cause of action, which sought recovery of damages resulting from MDI's alleged misrepresentation and intentional interference, where a question of fact existed as to whether MDI was operating within the scope of its authority when it purportedly modified the terms of plaintiff's contract.

The contract's notice and documentation requirements for extra work and delay damages are conditions precedent to plaintiff's recovery and the failure to strictly comply is deemed a waiver of such claims. Plaintiff conceded before the IAS Court as well as on appeal that it did not strictly comply with the contract's mandates. Therefore, plaintiff clearly waived its claims and NYU's motion for summary judgment dismissing the third and fifth causes of action should be granted. Plaintiff's argument that it did not waive its claims because MDI, as NYU's agent, orally abandoned, waived and/or modified such requirements is unavailing. The record reveals that MDI's authority was clearly and unambiguously limited by the express terms of both the contract and the construction manager's agreement and, as such, it lacked authority to waive, modify the notice or documentation requirements in plaintiff's contract (*see, Ezrasons, Inc. v American Credit Indem. Co.*, 257 AD2d 447, 448). Nor does the evidence demonstrate that NYU cloaked MDI with apparent authority to waive or modify the notice and documentation requirements of the contract or that NYU ratified MDI's actions (*see, Network Mgt. Serv. Group v Rosenkrantz Lyon & Ross*, 211 AD2d 584). As such, plaintiff cannot hold NYU liable for damages arising out of its reliance upon MDI's actions.

Inasmuch as the third cause of action for extra work is dismissed, the third-party complaint against Interstate must also be dismissed. NYU's third-party claim for common law indemnification was dependent upon that branch of the third cause of action which sought damages for Interstate's alleged negligence. There is no longer any basis for NYU's third-party claim.

When a written contract, as here, provides that it can be modified only by a signed writing, an oral modification of that agreement is not enforceable unless the oral modification is fully executed or there has been a partial performance "unequivocally referable" to the oral modification (General

Obligations Law § 15-301 [1]; *Rose v Spa Realty Assocs.*, 42 NY2d 338, 343-344 [1977]; *Tierney v Capricorn Investors*, 189 AD2d 629, 631, *lv denied* 81 NY2d 710). Here, the court did not address any of the parties' actions or failure to act to determine whether the bar of General Obligations Law § 15-301 (1) on oral modifications was applicable to the instant case. Instead, the court simply ruled that resolution of the issue required a credibility determination, which was inappropriate on a summary judgment motion. We disagree and find that the record herein allows the issue to be resolved conclusively in favor of defendants. Nothing in the record can be viewed as unequivocally referable to an intent to modify the provisions in question. In any event, any reliance on the purported waiver and/or modification on the part of plaintiff, a sophisticated contractor, which would result in nearly $2 million in extra work and delay damages, was unreasonable (*see, Marine Midland Bank v Green*, 209 AD2d 288, *appeal dismissed in part* 85 NY2d 1029).

Turning to the IAS Court's decision with regard to plaintiff's fourth cause of action against MDI, the court erred in refusing to dismiss the branch of the cause of action seeking recovery for extra work in which IOC numbers were assigned. These allegations sought the same damages that were sought in the second cause of action against MDI. Likewise, the branch of the fifth cause of action against MDI seeking recovery of economic damages resulting from MDI's alleged misrepresentations and intentional interference should also have been dismissed. Plaintiff failed to demonstrate the existence of a special relationship or confidence such that MDI would be liable for a negligent misrepresentation. Further, there is no showing that MDI negligently misrepresented any facts or that plaintiff relied on these alleged misrepresentations. Nor is there any evidence to support plaintiff's claim that MDI intentionally procured the breach of the contract. Concur—Nardelli, J. P., Lerner, Andrias and Friedman, JJ.