■ Pullman Group, L. L. C., Appellant, v Prudential Insurance Company of America et al., Respondents. [733 NYS2d 1] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered August 18, 2000, dismissing the complaint pursuant to an order, same court and Justice, entered on or about August 18, 2000, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3) and (7), unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as

subsumed in the appeal from the judgment. Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about March 21, 2001, which, insofar as appealable, denied plaintiff's motion to renew consideration of the previously granted motion to dismiss, unanimously affirmed, with costs.

Plaintiff alleges that its principal, David Pullman, developed alleged trade secrets to be used in designing a new kind of complex financial transaction while he was employed by two nonparty investment banking firms, first Gruntal and subsequently Fahnestock. After the collapse of negotiations Pullman was conducting on behalf of Fahnestock with defendants Prudential Insurance Company of America (Prudential) and Rascoff/Zysblat Organization, Inc. (RZO) for a joint venture to engage in such transactions on a revolving basis, Pullman left Fahnestock and formed The Pullman Group, predecessor to the present plaintiff. In this action, plaintiff is suing Prudential, RZO, an outside law firm that advised Fahnestock in connection with these matters, and various other defendants on 25 causes of action, 20 of which plaintiff concedes that it cannot maintain unless it has standing to sue for misappropriation of the alleged trade secrets.

We affirm the granting of defendants' motion to dismiss the complaint. As to the 20 causes of action dependent on plaintiff's standing to assert trade secret claims, the allegations of the complaint and the contents of the documents referenced therein establish, as a matter of law, that plaintiff lacks such standing. Taking the allegations of the complaint as true, the alleged trade secrets were created by Pullman while acting within the scope of his assigned duties as an employee of Gruntal and Fahnestock responsible for designing and promoting investment banking transactions, and any such trade secrets were therefore owned by the employers *ab initio* (*Standard Parts Co. v Peck*, 264 US 52, 59-60; *Yeshiva Univ. v Greenberg*, 255 AD2d 576, 578, *appeal dismissed* 93 NY2d 888, 918, *lv denied* 93 NY2d 815; *Q-Co Indus. v Hoffman*, 625 F Supp 608, 616-617; Restatement [Third] of Unfair Competition § 42, comment *e*, at 482). Nor does plaintiff have standing by assignment, since the written assignments of rights and obligations in specified contracts from Gruntal to Fahnestock and, subsequently, from Fahnestock to plaintiff, make no mention of trade secrets or other intellectual property, and intent to assign a trade secret "will not be imputed absent express, volitional conduct by the presumed assignor and assignee" (1 Milgrim, Trade Secrets § 2.02 [2], at 2-26), given that an assignment of a trade secret will permanently deprive the assignor of the use thereof (*id.*).

We further find legally insufficient each of the five causes of action that plaintiff contends are not dependent on its standing to assert trade secret claims. The promissory estoppel claim against Prudential is not supported by the allegation of "a clear and unambiguous promise" (*401 Hotel v MTI/Image Group*, 251 AD2d 125, 126). The claim against Prudential for breach of a duty to negotiate in good faith is inconsistent with the terms of the preliminary letter agreement Prudential had signed, which makes manifest that Prudential did not intend to be bound until the deal was finalized (*see, Ogden Martin Sys. v Tri-Continental Leasing Corp.*, 734 F Supp 1057, 1066). We find that the three remaining claims, against RZO and against Fahnestock's former outside counsel, were not transferred to plaintiff by the assignment Fahnestock executed. Finally, plaintiff's motion for renewal was correctly denied because, *inter alia*, plaintiff failed to adduce a reasonable justification for failing to present the alleged new facts on the prior motion (CPLR 2221 [e]). Concur—Sullivan, P. J., Rosenberger, Nardelli, Rubin and Friedman, JJ.