■ GENERAL BANK, Respondent, v MARK II IMPORTS, INC., et al., Appellants. [741 NYS2d 201] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered January 16, 2001, which, in an action to recover the outstanding balance due on a note and loan documents executed by the corporate defendant and the individual defendants' guarantees thereof, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability and dismissed defendants' counterclaims, unanimously affirmed, without costs.

The guarantors' claim that they were fraudulently induced to enter into the subject lending relationship by plaintiff's promise to eliminate the "borrowing cap" on advances to the borrower is, as a matter of law, foreclosed by an integration clause in which each of the guarantors represents and warrants that this guaranty "fully incorporates the agreements and understandings of Guarantor with Lender with respect to the subject matter hereof and all prior negotiations, drafts, and other extrinsic communications between Guarantor and Lender shall have no evidentiary effect whatsoever. Guarantor further agrees that Guarantor has read and fully understands the terms of this Guaranty; Guarantor has had the opportunity to be advised by Guarantor's attorney with respect to this Guaranty; the Guaranty fully reflects Guarantor's intentions and parol evidence is not required to interpret the terms of this Guaranty" (*see, Citibank v Plapinger*, 66 NY2d 90, 95; *Chemical Bank v Geronimo Auto Parts Corp.*, 225 AD2d 461).

The corporate defendant is likewise foreclosed from asserting the claim of fraudulent inducement by the alleged promise by

the loan agreement's provision that "[t]his Agreement, together with any Related Documents, constitutes the entire *understanding* and agreement of the parties as to the matters set forth in this Agreement. No alteration of or amendment to this Agreement shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment" ([emphasis added]; *see, Marine Midland Bank v CES/Compu-Tech*, 147 AD2d 396, *amended* 149 AD2d 341).

We have considered the defendants' other arguments, including that they are entitled to further disclosure, and find them unavailing. Concur—Tom, J.P., Buckley, Sullivan, Ellerin and Wallach, JJ.