■ EMFORE CORP., Appellant, v BLIMPIE ASSOCIATES, LTD., et al., Respondents. [848 NYS2d 89]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered September 18, 2006, which, to the extent appealed from as limited by the briefs, upon the grant of reargument, granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment dismissing certain affirmative defenses, unanimously modified, on the law, to the extent of reinstating the seventh, eighth, ninth and tenth causes of action pursuant to the Franchise Act (General Business Law § 680 *et seq.*) and dismissing the individual defendants' second affirmative defenses and the corporate defendant's first, second, and sixth affirmative defenses to the extent that they rely on release and waiver clauses, and otherwise affirmed, without costs.

The court erred in dismissing plaintiff's claims pursuant to General Business Law §§ 683 and 687 on the ground that the disclaimers at issue fell outside the ambit of those disclaimers barred by General Business Law § 687 (4) and (5) because they were not contained in a mere boilerplate section of the parties' franchise agreement. Similarly, defendants' affirmative defenses should be dismissed to the extent that they rely on waivers barred by the Franchise Act (*see generally Draper v Georgia Props.*, 230 AD2d 455, 457-458 [1997], *affd* 94 NY2d 809 [1999]).

The court correctly held that reliance is an element of a fraud claim under the Franchise Act, which refers to "artifice to defraud" (General Business Law § 687 [2] [a]) and "fraud" (General Business Law § 687 [2] [c]). Subsumed in the definition of "fraud" is the notion of reliance, since a plaintiff must show reliance to sustain a fraud claim (*see e.g. Shisgal v Brown*, 21 AD3d 845, 846 [2005]). However, issues of fact exist as to the extent and reasonableness of plaintiff's reliance on defendants' alleged oral misrepresentations. Furthermore, as General Business Law § 683 requires that an offering prospectus be registered with the Attorney General prior to the offer or sale of franchises, plaintiff properly alleged that defendants' representations, which were not contained in the prospectus, ran afoul of General Business Law § 683.

However, the court correctly dismissed plaintiff's common-law fraud claims. The disclaimers were not generalized boilerplate exclusions, but were contained in a separate rider, which plaintiff's principal read and initialed, stating specifically that she was not relying on any representations by defendants (*see Citibank v Plapinger*, 66 NY2d 90, 94 [1985]; *General Bank v Mark II Imports*, 293 AD2d 328 [2002]).

The court also correctly dismissed plaintiff's claims for breach of contract, as it is uncontroverted that plaintiff failed to provide written notice of any breach pursuant to article 18.2 of the franchise agreement (*see e.g. F. Garofalo Elec. Co. v New York Univ.*, 270 AD2d 76, 80 [2000], *lv dismissed* 95 NY2d 825 [2000]). Concur—Lippman, P.J., Mazzarelli, Saxe, Williams and Buckley, JJ.