(May 6, 2008)

EMFORE CORP., Appellant, v BLIMPIE ASSOCIATES, LTD., et al., Respondents. [860 NYS2d 12]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered September 18, 2006, which, to the extent appealed from as limited by the briefs, upon the grant of reargument, granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment dismissing certain affirmative defenses, unanimously modified, on the law, to the extent of reinstating the seventh, eighth, ninth and tenth causes of action pursuant to the Franchise Act (General Business Law § 680 *et seq.*) and dismissing the individual defendants' second affirmative defenses and the corporate defendant's first, second, and sixth affirmative defenses to the extent that they rely on release and waiver clauses, and otherwise affirmed, without costs.

The court erred in dismissing plaintiff's claims pursuant to General Business Law §§ 683 and 687 based on the representations made by plaintiff concerning information supplied to it by defendant, and in not dismissing defendant's affirmative defenses based on those representations. We agree with defendant that the questionnaire to which plaintiff responded is not violative of General Business Law § 687 (4) and (5) on its face. Indeed, by requesting franchisees to disclose whether a franchisor's representatives made statements concerning the financial prospects for the franchise during the sales process, franchisors can effectively root out dishonest sales personnel and avoid sales secured by fraud. However, defendant, in direct contravention of the laudatory goal it claims to be advancing, is asking this Court to construe the representations made by plaintiff in the questionnaire as a waiver of fraud claims. Such waivers are barred by the Franchise Act. Accordingly, defendant's attempt to utilize the representations as a defense must be rejected (see generally *Draper v Georgia Props.*, 230 AD2d 455, 457-458 [1997], *affd* 94 NY2d 809 [1999]).

The court correctly held that reliance is an element of a fraud claim under the Franchise Act, which refers to "artifice to defraud" (General Business Law § 687 [2] [a]) and "fraud" (General Business Law § 687 [2] [c]). Subsumed in the definition of "fraud" is the notion of reliance, since a plaintiff must show reliance to sustain a fraud claim (see e.g. *Shisgal v Brown*, 21 AD3d 845, 846 [2005]). However, issues of fact exist as to the extent and reasonableness of plaintiff's reliance on defendants' alleged oral misrepresentations. Furthermore, as General Business Law § 683 requires that an offering prospectus be registered with the Attorney General prior to the offer or sale of franchises, plaintiff properly alleged that defendants' representations, which were not contained in the prospectus, ran afoul of General Business Law § 683.

However, the court correctly dismissed plaintiff's common-law fraud claims. The disclaimers were not generalized boilerplate exclusions, but were contained in a separate rider, which plaintiff's principal read and initialed, stating specifically that she was not relying on any representations by defendants (see *Citibank v Plapinger*, 66 NY2d 90, 94 [1985]; *General Bank v Mark II Imports*, 293 AD2d 328 [2002]).

The court also correctly dismissed plaintiff's claims for breach of contract, as it is uncontroverted that plaintiff failed to provide written notice of any breach pursuant to article 18.2 of the franchise agreement (see e.g. *F. Garofalo Elec. Co. v New York Univ.*, 270 AD2d 76, 80 [2000], *lv dismissed* 95 NY2d 825

[2000]). Concur—Lippman, P.J., Mazzarelli, Saxe, Williams and Buckley, JJ.

Reargument granted and, upon reargument, the decision and order of this Court entered on December 20, 2007 (46 AD3d 389 [2007]) recalled and vacated and a new decision and order substituted therefor; leave to appeal to the Court of Appeals denied; amicus curiae brief served with the moving papers deemed filed.