Order, Supreme Court, New York County (Bernard J. Fried, J.), entered July 21, 2008, which, to the extent appealed from, granted defendants’ motion to dismiss the claims alleging fraudulent inducement, negligent misrepresentation and promissory estoppel, unanimously affirmed, with costs.
In support of its claim of fraudulent inducement, plaintiff alleges that defendants did not keep their oral promises to consolidate the operations of their Arkansas plant and plaintiffs Texas plant and that defendants never intended to keep those promises. However, as plaintiff alleges no facts that would show that defendants never intended to keep their promises, the court correctly dismissed the claim (see Abelman v Shoratlantic Dev. Co., 153 AD2d 821, 822 [1989]). Further, neither the limited partnership agreement nor the related documents provide for the plant consolidation, and all the documents disclaim reliance on oral representations (see Citibank v Plapinger, 66 NY2d 90, 95 [1985]; Emfore Corp. v Blimpie Assoc., Ltd., 51 AD3d 434 [2008]).
The court correctly dismissed the claim of negligent misrepresentation because it is predicated upon promises of future conduct, rather than statements as to “existing material fact” *410 (Margrove Inc. v Lincoln First Bank of Rochester, 54 AD2d 1105, 1107 [1976], appeal dismissed 40 NY2d 1092 [1977]). The promissory estoppel claim was properly dismissed because it was flatly contradicted by the parties’ written agreement which covered the same subject matter and expressly superseded all other prior agreements and understandings, written and oral (cf. Prestige Foods v Whale Sec. Co., 243 AD2d 281, 281-282 [1997]).
We have considered plaintiffs remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, DeGrasse and Freedman, JJ.