Youssef v. Halcrow, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand twelve.

PRESENT:
 AMALYA L. KEARSE,
 CHESTER J. STRAUB,
 ROSEMARY S. POOLER,
  *Circuit Judges.*

_____

Magdy Youssef,

 *Plaintiff-Appellant,*

 v.                                    11-5063

Halcrow, Inc., a Delaware
Corporation, Halcrow Holdings
Limited, company organized under
the laws of the United Kingdom,
Halcrow Group Limited, company
organized under the laws of the
United Kingdom,

 *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:    Magdy Youssef, *pro se*, Wanaque, NJ.

FOR DEFENDANTS-APPELLEES:    David Abramovitz, (Carol J.
                            Patterson, on the brief) , Zetlin &
                            De Chiara, LLP, New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Magdy Youssef, *pro se*, appeals from the district court's order dismissing, on the defendants' Fed. R. Civ. P. 12(b)(6) motion, Youssef's diversity complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's grant of a Rule 12(b)(6) motion to dismiss de novo, accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

Having conducted an independent and *de novo* review of the record in light of the above principles, we now affirm for substantially the same reasons set forth by the district court in its November 1, 2011 memorandum and order.  Youssef's argument on appeal that the district court erred by refusing to credit as true the assertion in his complaint that he was the sole owner of an engineering design "to the exclusion of any other person or entity," is meritless as that assertion was merely a "legal conclusion[] masquerading as [a] factual conclusion[]," which is insufficient to defeat a motion to dismiss.  *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) (quoting *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d. Cir. 2002)).  The complaint's factual allegations belie that legal conclusion as the complaint alleges that when plaintiff was Director of Structural Systems for his employer Tishman, Tishman "requested Plaintiff, Mr. Youseff, to review the Halcrow Defendants' proposed structural design to see if he could find a solution to the constructability and cost problems" (Complaint ¶ 20), and thus under New York law, as the district court ruled, Youssef's work product belonged to his employer, *see, e.g., Pullman Grp. LLC v. Prudential Ins. Co. Of Am.*, 288 A.D.2d 2, 3 (1st Dep't 2001).  Moreover, in assessing the defendant's motion to dismiss, the district court properly considered an addendum to Youssef's employment application, which Youssef attached as an exhibit to his opposition, as that document was "integral" to

Youssef's allegation that he, and not his employer, was the owner of the engineering design.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (holding that a court may consider a document not incorporated by reference into the complaint "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint" (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006))).

We have considered all of Youssef's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

                        FOR THE COURT:
                        Catherine O'Hagan Wolfe, Clerk

4