South Shore D'Lites LLC v First Class Prods. Group, LLC (2023 NY Slip Op 01769)

South Shore D'Lites LLC v First Class Prods. Group, LLC

2023 NY Slip Op 01769

Decided on April 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2023

Before: Webber, J.P., Oing, Gesmer, Mendez, Shulman, JJ. 

Index No. 650827/12 Appeal No. 17634 Case No. 2022-05131 

[*1]South Shore D'Lites LLC, et al., Appellants,
v
First Class Products Group, LLC, et al., Respondents.

The Law Office of Russell D. Morris, PLLC, New York (Russell D. Morris of counsel), for appellants.
Fox Rothschild LLP, New York (Matthew J. Schenker of counsel), for respondents.

Order, Supreme Court, New York County (Laurence Love, J.), entered May 5, 2022, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment rulings on parts of their cause of action under the New York Franchise Sales Act and granted defendants' motion for summary judgment dismissing the fraudulent inducement claim, unanimously modified, on the law, to the extent of reinstating the fraudulent inducement claim and issuing summary judgment rulings that the business arrangements here are subject to the Franchise Act, that defendants violated the Act's written disclosure requirements by failing to issue a pre-sale written disclosure, and that the individual defendants are control persons jointly and severally liable for any Franchise Act violations under General Business Law § 691(1) and (3), and otherwise affirmed, without costs.
Plaintiffs are entitled t0 summary judgment on certain threshold issues related to their cause of action asserting claims under the Franchise Act.
Initially, given that plaintiffs paid fees to defendants for the rights to sell ice cream in their own stores using the "D'Lites" brand name and marks, the agreements denominated as "sub-license" agreements qualify as franchise agreements under the Franchise Act (see General Business Law § 681[3][b]). While the agreements include language explicitly stating that no franchise relationship was being created, such language is ineffective to waive the protection of the Franchise Act for agreements that otherwise fall within its protections (see General Business Law § 687[4], [5]; Emfore Corp. v Blimpie Assoc., Ltd., 51 AD3d 434 [1st Dept 2008]).
The record also establishes that in connection with these franchise agreements, defendants violated the Franchise Act to the extent they failed to provide the required pre-sale written disclosures, including with respect to the actual revenues they were to derive from the required purchase by plaintiffs of the ice cream mix at a marked-up price (General Business Law § 683[1]; 13 NYCRR 200.2[c] [Item8(D)]).
Furthermore, plaintiffs are entitled to a summary judgment ruling that defendants Todd Coven and Magda Abt, the individual owners of defendant First Class, are control persons jointly and severally liable for any Franchise Act violations pursuant to General Business Law § 691(1) and (3).
The court, however, properly declined to issue a summary judgment ruling in favor of plaintiffs on the issue of whether the violation was willful and material such that they are entitled to reasonable attorneys' fees and costs under General Business Law § 691(1).
Finally, the fraudulent inducement cause of action is reinstated. Issues of fact precluding summary judgment dismissal exist based on the evidence adduced in discovery consistent with plaintiffs' contention that defendants lied in their statements to plaintiffs concerning the past and present profitability of their D'Lites store and by failing to disclose [*2]the ice cream markup. Defendants' contention that plaintiffs could not have reasonably relied upon the alleged misrepresentations as to defendants' profits and costs because they did not perform the due diligence with respect to those representations required in the circumstances here is not properly resolved on summary judgment (see Swersky v Dreyer & Traub, 219 AD2d 321, 328 [1st Dept 1996]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2023