South Shore D'Lites, LLC v First Class Prods. Group, LLC (2025 NY Slip Op 02049)

South Shore D'Lites, LLC v First Class Prods. Group, LLC

2025 NY Slip Op 02049

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Moulton, J.P., González, Scarpulla, Higgitt, Michael, JJ. 

Index No. 650827/12|Appeal No. 4068|Case No. 2024-04282|

[*1]South Shore D'Lites, LLC, et al., Plaintiffs-Respondents,
v
First Class Products Group, LLC, et al., Defendants-Appellants.

Lowenstein Sandler LLP, New York (Gavin J. Rooney of counsel), for appellants.
The Law Office of Russell D. Morris PLLC, New York (Russell D. Morris of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (John J. Kelley, J.), entered on or about June 10, 2024, which, after a nonjury trial, found defendants' violation of General Business Law §§ 683 and 687 was willful and material, rescinded plaintiffs' franchise agreements with defendant First Class Products Group, LLC, and awarded plaintiffs money damages with interest at 6% per year from the date of purchase and reasonable attorneys' fees, unanimously modified, on the law, to dismiss the claim for common-law fraudulent inducement, and otherwise affirmed, without costs.
Supreme Court properly found that defendants' violation of the New York Franchise Sales Act (the Franchise Act) (see General Business Law §§ 683 and 687) was willful and material within the meaning of General Business Law § 691(1), meriting recission, damages, and an award of 6% of the recovery, along with attorneys' fees. Plaintiffs' testimony that had they known that the ice cream product purchased from defendants was marked up over 58% of the cost to defendant First Class, they would not have entered into the franchise agreements with defendants, established that the violations were willful and material (compare A Love of Food I, LLC v Maoz Vegetarian USA, Inc., 70 F Supp 3d 376, 409 [D DC 2014] [finding that, while the defendant intentionally did not register its offering prospectus before making the franchise sale, its violation was not material, since neither plaintiff testified that they would not have gone forward with the sale if they knew the prospectus was not yet registered], with CFTC v Intl. Fin. Servs., 323 F Supp 2d 482, 501 [SD NY 2004] ["misrepresentations concerning profit and risk go to the heart of a customer's investment decision and are therefore material as a matter of law" (internal quotation marks omitted)]).
Plaintiffs also demonstrated that they reasonably relied on defendants' misrepresentations (see Emfore Corp. v Blimpie Assoc., Ltd. 51 AD3d 434, 435 [1st Dept 2008]; Coraud LLC v Kidville Franchise Co., LLC, 121 F Supp 3d 387, 393 [SD NY 2015]). Plaintiffs' level of education, the primary point of contention with respect to this issue, does not change the fact that the Franchise Act is intentionally set up to allow prospective franchisees to receive, and rely on, representations from a franchisor (see General Business Law § 683[2][u] [disclosures "will afford prospective franchisees an adequate basis upon which to found their judgment"]). Here, there were no obvious signs of falsity and the relevant information was under the control of defendants (see Coraud LLC, 121 F Supp 3d at 394).
Contrary to defendants' contention, the record here shows that the Franchise Act applies to plaintiffs' West Caldwell store, which was located in New Jersey (see General Business Law § 683[1]; Mon-Shore Mgt., Inc. v Family Media, Inc., 584 F Supp 186, 191 [SD NY 1984]). Also contrary to defendants' contention, the boilerplate merger and no-oral modification [*2]clauses in the franchise agreement are invalid and unenforceable as a defense to the fraud claim under the Franchise Act (see General Business Law § 687[5]; Emfore Corp., 51 AD3d at 435).
However, outside of the franchise context, plaintiffs cannot maintain a claim for common-law fraudulent inducement in the face of the aforementioned nonreliance disclaimers (see EV Scarsdale Corp. v Engel & Voelkers N.E. LLC, 48 Misc 3d 1019, 1033-1034 [Sup Ct, NY County 2015]). For that reason, the common-law fraudulent inducement claims should be dismissed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025