SICOLI & MASSARO, INC., Appellant, v NIAGARA FALLS HOUSING AUTHORITY et al., Respondents, et al., Defendant. [722 NYS2d 442] —Order and judgment unanimously affirmed with costs. Memorandum: Supreme Court properly granted that part of defendants' motion seeking partial summary judgment dismissing the first through sixth and eighth causes of action, each of which sought damages for extra work under a municipal construction contract, and the ninth cause of action for damaged business reputation. It is well established that compliance with the notice provisions of a municipal contract is a condition precedent to the commencement of an action for damages *(see, A.H.A. Gen. Constr. v New York City Hous. Auth.,* 92 NY2d 20, 30-31, *rearg denied* 92 NY2d 920; *Tug Hill Constr. v County of Broome,* 270 AD2d 755, 756; *see also, Honeywell, Inc. v Maguire Co.,* 1999 WL 102762, 1999 US Dist LEXIS 1872 [SD NY, Feb. 24, 1999]). Plaintiff failed to prove strict compliance with the notice, change order, and dispute resolution provisions of the municipal construction contract at issue herein *(see, A.H.A. Gen. Constr. v New York City Hous. Auth., supra,* at 30-31; *see also, MRW Constr. Co. v City of New York,* 223 AD2d 473, *lv denied* 88 NY2d 803) and, contrary to plaintiff's contention, defendants did not waive strict compliance with those contractual provisions. (Appeal from Order and Judgment of Supreme Court, Niagara County, Joslin, J.—

Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Scudder and Lawton, JJ.