■ KINGSLEY ARMS, INC., Respondent, v SANO RUBIN CONSTRUCTION COMPANY, INC., Appellant, et al., Defendant. [791 NYS2d 196]—

Peters, J. Appeal from an order of the Supreme Court (Kramer, J.), entered June 21, 2004 in Schenectady County, which denied the motion of defendant Sano Rubin Construction Company, Inc. for summary judgment dismissing the complaint against it.

Defendant Sano Rubin Construction Company, Inc. (hereinafter defendant) is a construction manager and general contractor which was hired by defendant Beechwood, Inc. to manage the construction of a project known as the Glen Eddy Retirement Community in the Town of Niskayuna, Schenectady County. Defendant subcontracted with plaintiff for excavation and site work. Although the subcontract provided that plaintiff's work

was to be "substantially completed" no later than November 1, 2000, the parties agreed, in writing, to increase the scope of plaintiff's work after they negotiated an increase in costs; a majority of these modifications were implemented after the substantial completion date had passed and no new date was set. On September 18, 2001, almost 11 months after the substantial completion date, plaintiff sent a written notice of claim seeking additional costs by alleging that defendant made agreements with other subcontractors which precluded plaintiff from completing its work by the agreed upon date. This action was thereafter commenced against defendant and Beechwood alleging, among other things, breach of contract. Defendant moved for summary judgment, solely contending that plaintiff failed to comply with the notice of claim procedure set forth in their contract. Plaintiff conceded that the written notice of claim did not strictly comply with the 21-day time frame set forth in the contract, but contended that defendant was generally aware, from oral conversations, that there were delays which induced additional costs to plaintiff. Supreme Court denied the motion and defendant appeals.

We reverse. Defendant sustained its prima facie burden of establishing its entitlement to judgment as a matter of law by the tender of the subcontract between plaintiff and defendant which incorporated, among other things, the "General Conditions of the Contract for Construction" made between defendant and Beechwood. That contract specifically stated that no claim can be asserted unless, "as a condition precedent thereto," the notice of claim provisions are complied with. The notice of claim provision states that "[c]laims by either party must be made within 21 days after occurrence of the event giving rise to such [c]laim or within 21 days after the claimant first recognizes the condition giving rise to the [c]laim, whichever is later. Claims must be made by written notice." With it clear that compliance with the notice provisions of this construction contract was a condition precedent to plaintiff's claim, its failure to strictly comply is a waiver of its claim (see F. Garofalo Elec. Co. v New York Univ., 270 AD2d 76, 80 [2000], lv dismissed 95 NY2d 825 [2000]; MRW Constr. Co. v City of New York, 223 AD2d 473, 473 [1996], lv denied 88 NY2d 803 [1996]; Green Is. Constr. Co. v County of Chenango, 212 AD2d 853, 855-856 [1995], lv denied 86 NY2d 705 [1995]; see also A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20, 30-31 [1998]; Tug Hill Constr. v County of Broome, 270 AD2d 755, 756-757 [2000]).

While we recognize that, on a motion of this type, plaintiff

can be granted some leniency in its attempt to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), plaintiff's proffer was simply insufficient. Advancing a theory of waiver or estoppel to overcome its lack of timely written notice, plaintiff submitted a two-page affidavit of its secretary/treasurer which alleged that conversations occurred with defendant "during the Fall of 2000" regarding plaintiff's inability to complete its work due to the failure of other contractors to first complete their portion of the work. It further alleged that plaintiff had expressed concern to defendant that these delays were costing it money, yet plaintiff provided no details of these conversations nor did it allege that defendant, by its words or conduct, waived the written notice of claim provision or told plaintiff that the claim did not have to be in writing (*cf. Abax, Inc. v Lehrer McGovern Bovis, Inc.*, 8 AD3d 92 [2004]). Plaintiff further failed to show how additional discovery could establish its claim of waiver or estoppel to overcome its failure to comply with the clear and unequivocal contractual terms. We find plaintiff's generalized, vague assertions to be insufficient to defeat defendant's motion (*compare William Iselin & Co. v Mann Judd Landau*, 71 NY2d 420, 425 [1988]; *F. Garofalo Elec. Co. v New York Univ., supra* at 80-81).

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed against defendant Sano Rubin Construction Company, Inc.