THIRD DEPARTMENT, SEPTEMBER, 2007

(September 6, 2007)

■ FAHS ROLSTON PAVING CORPORATION, Respondent-Appellant, v COUNTY OF CHEMUNG, Defendant and Third-Party Plaintiff-Appellant-Respondent. MCFARLAND-JOHNSON, INC., Third-Party Defendant-Appellant. [841 NYS2d 404]—

Rose, J. Cross appeals from an order of the Supreme Court (Mulvey, J.), entered April 6, 2006 in Chemung County, which, inter alia, partially denied defendant's motion for summary judgment dismissing the complaint.

Pursuant to a written contract with defendant, plaintiff agreed to reconstruct taxiways and runways at the Elmira/Corning Regional Airport. Third-party defendant, McFarland-Johnson, Inc. (hereinafter MFJ), an engineering firm, designed and supervised the project. Before reconstruction of one of the work areas began, the parties executed a change order providing that, rather than excavate the existing pavement, plaintiff would mill it and then apply new pavement over the milled surface. When plaintiff's subcontractor had difficulty milling the area, MFJ authorized an alternate method of milling, but the resulting base surface was very uneven. Although plaintiff finished paving over the uneven milled surface by the September 18, 2000 contract deadline, the work was formally rejected by MFJ on October 5, 2000 because the pavement did not meet contract specifications for thickness, smoothness and grading. Plaintiff then proposed remedial milling and paving to correct the defective work and completed the remedial work later in October.

After defendant rejected plaintiff's claims for additional compensation for what plaintiff considered to be extra work in the initial milling by its subcontractor and in the remedial milling and paving, plaintiff commenced this action alleging breach of contract, and defendant brought a third-party action against MFJ. As is relevant here, defendant moved for summary judgment dismissing plaintiff's complaint based upon plaintiff's failure to comply with the construction contract's notice provisions, and MFJ joined in the motion. Supreme Court found that plaintiff had no viable claim for the initial milling work, but did give proper notice and raise an issue of fact as to its claim to payment for the remedial work. As a result, Supreme Court granted partial summary judgment dismissing plaintiff's claims for additional compensation except as to the remedial work, and otherwise denied the motions. Defendant and MFJ appeal, and plaintiff cross-appeals.

In order to claim additional compensation, section 50-16 of

the contract required plaintiff to "notify [MFJ] in writing of [plaintiff's] intention to claim such additional compensation before [plaintiff] begins the work on which [it] bases the claim." Notice provisions such as this "require the contractor to promptly notice and document its claims [and] are therefore conditions precedent to suit or recovery" (*A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 30-31 [1998]; *see Kingsley Arms, Inc. v Sano Rubin Constr. Co., Inc.*, 16 AD3d 813, 814 [2005]; *Green Is. Constr. Co. v County of Chenango*, 212 AD2d 853, 855-856 [1995], *lv denied* 86 NY2d 705 [1995]). Failure to strictly comply with such provisions generally constitutes waiver of a claim for additional compensation (*see Kingsley Arms, Inc. v Sano Rubin Constr. Co., Inc., supra* at 814; *F. Garofalo Elec. Co. v New York Univ.*, 270 AD2d 76, 80 [2000], *lv dismissed* 95 NY2d 825 [2000]). Here, plaintiff relies upon a letter to MFJ dated September 27, 2000 as notice of its intention to claim additional compensation for the initial milling work. However, because this letter addressed only work previously performed and it was written after that work was completed, it plainly was insufficient to give the advance notice required by the contract provision quoted above.

As for the remedial work, plaintiff also failed to comply with the contract's notice provision for additional compensation. In this regard, Supreme Court cited plaintiff's letter dated October 6, 2000, which set forth the details of the remedial work that plaintiff proposed to perform to bring the work into compliance with contract specifications. This letter stated that the work proposed was understood to be corrective work and it disagreed that plaintiff was in default, but it did not express an intention to claim additional compensation for the proposed remedial work.

Even if we were to consider this letter to be a proper notice of intent, plaintiff also failed to comply with the contract's further requirement that "[w]hen the work on which the claim for additional compensation is based has been completed, [plaintiff] shall, within ten (10) calendar days, submit [its] written claim to [MFJ]." The record clearly reflects that plaintiff did not submit its written claim for the remedial work until February 14, 2001, long after the 10-day period had expired. While a letter dated November 8, 2000 tardily communicated plaintiff's intention to make a claim for additional compensation, it did not purport to be the prescribed written claim itself and it lacked any monetary demand whatsoever. As a result, Supreme Court should have granted the motions of defendant and MFJ for dismissal of plaintiff's claims for additional compensation

for any work performed in 2000. To the extent that defendant and MFJ also contend that Supreme Court erred in stating that they did not raise an issue regarding compliance with the contract's claim requirements as to work performed by plaintiff in 2001, we find that the record supports Supreme Court's conclusion.

Finally, plaintiff's claim letters and appellate brief suggest that its claims include contract payments improperly withheld by defendant for liquidated damages and engineering costs. Inasmuch as such a claim would not be subject to the contract's notice provisions for additional compensation, and the motions by defendant and MFJ did not address these items, we have treated the motions as seeking dismissal only of plaintiff's claims for extra work. As a result, any claim for contractually agreed-upon amounts improperly withheld survives our granting of the motions.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motions of defendant and third-party defendant for summary judgment dismissing the claims for additional compensation for work performed in 2000; motions granted to that extent and said claims dismissed; and, as so modified, affirmed.