■ PHOENIX SIGNAL AND ELECTRIC CORPORATION, Appellant, v NEW YORK STATE THRUWAY AUTHORITY, Respondent. [935 NYS2d 201]—

Garry, J.

In January 2005, claimant entered into a contract with defendant to install closed circuit television cameras and overhead variable message signs at several points along the New York State Thruway. The contract required the work to be performed in accordance with certain project plans and the Department of Transportation's "Standard Specifications," and permitted claimant to request compensation for extra work exceeding the contract's requirements. Three situations arose during the project that claimant contends required the performance of extra work: claimant was required to modify the preparation of concrete foundations by using a two-stage concrete pour (hereinafter the two-stage claim), claimant's subcontractor encountered rock while drilling certain foundation holes (hereinafter the drilling claim), and a design error caused by the unexpected presence of a drainage catch basin required claimant to use custom-formed rather than prefabricated concrete median barriers (hereinafter the barrier claim).

In July 2005, claimant submitted notice forms called force account daily reports to the project's engineer-in-charge (hereinafter EIC) for the drilling claim. In August 2006, claimant submitted force account daily reports pertaining to the two-stage and barrier claims. Defendant denied all three claims, and claimant commenced this action asserting breach of contract. Defendant moved for summary judgment dismissing the action, and claimant cross-moved for summary judgment. The Court of Claims granted defendant's motion as to the two-stage claim and the barrier claim, finding that claimant had not complied with the contract's notice and reporting requirements for either, and the two-stage claim did not constitute extra work. The court found that claimant had provided timely notice of the drilling claim, denied defendant's motion as to that claim, and denied claimant's cross motion for summary judgment on all three claims. Claimant appeals.[1]

The Court of Claims correctly determined that claimant failed to comply with the contract's notice provisions. Pursuant to the contract, if claimant believed that it had been ordered to perform extra work, it was required to notify the EIC in writing within 10 days, with copies to other specified officers. The contract further required claimant to submit force account

---

1. Claimant's brief limits its arguments on appeal to the dismissal of the two-stage and barrier claims, and we therefore deem any challenge to the denial of its cross motion to be abandoned (see *Czynski v State of New York*, 53 AD3d 881, 882 n [2008], *lv denied* 11 NY3d 715 [2009]).

reports to the EIC on a daily basis while the extra work was being performed, in addition to certain periodic summary reports, and to have the force account reports signed by the EIC. Defendant demonstrated that claimant did not comply with these requirements by showing that no initial written notice and summary reports were ever submitted for either of the dismissed claims, that no force account reports were submitted until more than a year after the work was performed, and that those reports were not signed by the EIC as required by the contract. Further, defendant established that the two-stage pour method was required in order for claimant to complete the project in accordance with the contract, and did not constitute extra work, by submitting the specification that prohibited the method claimant had intended to use and an affidavit from defendant's engineer averring that this method was not permitted. Accordingly, defendant met its initial burden to establish its prima facie entitlement to judgment as a matter of law, shifting the burden to claimant to demonstrate the existence of issues of fact (see CPLR 3212 [b]; *Consola v State of New York*, 84 AD3d 1557, 1559 [2011]; *Kemper Ins. Cos. v State of New York*, 70 AD3d 192, 199 [2009]).

Claimant did not meet this burden. First, as to the two-stage claim, there is no merit in claimant's contention that the contract permitted corrugated metal pipe casings to be left permanently in place. The plain language of the specification in question explicitly requires the removal of such casings. A note on the project plans repeating this requirement with particular reference to drilling through rock does not, as claimant contends, replace the general specification or limit the removal requirement to drilling through rock. Contrary to claimant's assertion, a provision in the specifications stating that the various components of the contract complement one another in a declining order of preference, beginning with the project plans, does not cause the note to supersede the specification; the two provisions simply repeat the same requirement, and do not conflict with one another.

As to the notice requirements, the subject contract explicitly provides that strict compliance with its notification and record-keeping provisions is required as a condition precedent to any recovery, and that claims for extra work are deemed waived in the absence of such compliance. When such a condition is expressly agreed upon by the contracting parties, it "must be literally performed" (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995]). " '[N]o action for breach of contract lies where the party seeking to enforce the contract

has failed to perform a specified condition precedent' " (*Carr v Birnbaum*, 75 AD3d 972, 973 [2010], quoting *Navilia v Windsor Wolf Rd. Props. Co.*, 249 AD2d 658, 659 [1998]). Accordingly, claimant's failure to comply with its contractual obligation to provide the required notices and reports constitutes a waiver of the extra work claims (*see Fahs Rolston Paving Corp. v County of Chemung*, 43 AD3d 1192, 1194 [2007]; *Kingsley Arms, Inc. v Sano Rubin Constr. Co., Inc.*, 16 AD3d 813, 814 [2005]). In light of the contractual language, claimant's contention that defendant had actual notice of the alleged extra work would be unavailing even if it had shown—as it did not—an "extensive record of timely written correspondence and contact between the contractor and agency" (*G. De Vincentis & Son Constr. v City of Oneonta*, 304 AD2d 1006, 1008 [2003]).

Nor did claimant demonstrate that defendant frustrated its efforts to comply with the notice provisions (*see A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 30-31 [1998]; *Bogdan & Faist v CAI Wireless Sys.*, 295 AD2d 849, 852-853 [2002]). Even if, as claimant alleges, a project inspector refused to sign its force account reports, the contract required such forms to be signed by the EIC, rather than the inspector, and claimant did not explain how the inspector's alleged refusal prevented it from submitting the unsigned reports until almost a year later, rather than within one day as required by the contract, or from timely filing the other required notices and reports.[2]

Finally, we reject claimant's contention that defendant was not prejudiced. The purpose of notice provisions in public contracts is to "provide public agencies with timely notice of deviations from budgeted expenditures . . . and allow them to take early steps to avoid extra or unnecessary expense, make any necessary adjustments, mitigate damages and avoid the waste of public funds" (*A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d at 34). Claimant's failure to provide defendant with the required notice prevented defendant from taking steps to mitigate the cost of the alleged extra work while it was being performed and therefore caused inherent prejudice. Accordingly, the Court of Claims properly granted partial summary judgment to defendant.

Spain, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. The inspector submitted an affidavit denying that he had refused to sign any records pertaining to disputed work or extra work.