# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1144**
**CA 11-00880**
PRESENT: FAHEY, J.P., CARNI, SCONIERS, GORSKI, AND MARTOCHE, JJ.

RIFENBURG CONSTRUCTION, INC.,
CLAIMANT-RESPONDENT-APPELLANT,

V                                         MEMORANDUM AND ORDER

STATE OF NEW YORK,
DEFENDANT-APPELLANT-RESPONDENT.
(CLAIM NO. 111868.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

FOX & KOWALEWSKI, LLP, CLIFTON PARK (LAURENCE I. FOX OF COUNSEL), FOR CLAIMANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered June 22, 2010. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that said cross appeal is unanimously dismissed and the order is modified on the law by granting those parts of the motion for summary judgment dismissing the third and fourth causes of action and as modified the order is affirmed without costs.

Memorandum: The New York State Department of Transportation (DOT) entered into a contract with claimant for the reconstruction of 6.9 miles of Route 332 in Farmington (hereafter, project). The project involved expanding the road from two to four lanes and building two new bridges at a cost of over $26 million. Following completion of the project, claimant commenced this action seeking compensation for extra work under the terms of the contract. As limited by its brief, defendant appeals from an order insofar as it denied those parts of defendant's motion for summary judgment dismissing the first through fourth and seventh causes of action.

With respect to the first through fourth causes of action, defendant contends that it is entitled to judgment as a matter of law based on the strict notice and reporting requirements contained in the construction contract. Those contract provisions require claimant, inter alia, to provide prompt notice to DOT of any request for payment for "extra work" that it performs and to submit "a daily summary of FORCE ACCOUNT WORK done on the contract." The contract requires "[s]trict compliance" with the notice provisions and "compliance" with the record-keeping provisions. Contract clauses that "require the

contractor to promptly notice and document its claims made under the provisions of the contract governing the substantive rights and liabilities of the parties . . . are . . . conditions precedent to suit or recovery" (*A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 30-31, *rearg denied* 92 NY2d 920; *see Sicoli & Massaro v Niagara Falls Hous. Auth.*, 281 AD2d 966; *Tug Hill Constr. v County of Broome*, 270 AD2d 755, 756). "[A] condition precedent is 'an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises' " (*MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d 640, 645, quoting *Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690). "Express conditions must be literally performed; substantial performance will not suffice" (*MHR Capital Partners LP*, 12 NY3d at 645). "Failure to strictly comply with such provisions generally constitutes waiver of a claim for additional compensation" (*Fahs Rolston Paving Corp. v County of Chemung*, 43 AD3d 1192, 1194; *see also Bat-Jac Contr. v New York City Hous. Auth.*, 1 AD3d 128).

We agree with defendant that the Court of Claims erred in denying those parts of its motion with respect to the third and fourth causes of action. We therefore modify the order accordingly. Those causes of action seek compensation for extra work performed for controlling and protecting traffic during the project and for performing survey work, respectively. According to claimant, the extra work was necessitated by the numerous changes made by DOT during the project. The traffic control and survey work were fixed cost items under the contract for which claimant was entitled to extra compensation only where additions to the project exceeded 25% of the original bid price. In support of its motion, defendant established that claimant did not comply with the notice and reporting requirements of the contract, and claimant failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Claimant's assertion that the numerous changes made by DOT during the project made it extremely difficult to calculate the extra traffic control and survey costs does not justify claimant's failure to comply with the notice and reporting requirements of the contract. Those requirements are expressly designed to alert defendant to cost over-runs at the earliest possible time in order to allow it to take steps to avoid such extra expenses in the interest of protecting the public fisc (*see A.H.A. Gen. Constr.*, 92 NY2d at 33-34).

We further conclude, however, that the court properly denied the motion with respect to the first and second causes of action. The first cause of action seeks compensation for the extra costs involved in construction of the bridges, which claimant alleges were necessitated by design errors on the part of DOT. Defendant met its initial burden on the motion with respect to that cause of action by establishing that claimant breached the contract notice provisions inasmuch as it failed to make a timely claim for additional compensation. In opposition to the motion, however, claimant submitted evidence demonstrating not only that DOT was aware of the design errors but that DOT prepared documents during the project suggesting that claimant would be compensated for the extra work in question.

The second cause of action seeks compensation "for significant changes to and under[-]runs in the quantity of work" estimated by DOT in the project specifications. Defendant met its initial burden on the motion with respect to that cause of action by establishing when such under-runs occurred and that, by failing to provide timely notice of its request for additional compensation, defendant did not satisfy a condition precedent for such request. We conclude, however, that claimant raised triable issues of fact whether it knew or should have known of those under-runs given the numerous additions and deletions to the quantity of work in the project, including the additional construction of three-quarters of a mile of water line.

Further, the court properly denied that part of defendant's motion with respect to the seventh cause of action, seeking payment of interest pursuant to State Finance Law § 179-f on the ground that DOT's final payment under the contract was untimely. Defendant contends that it is entitled to summary judgment dismissing that cause of action because its final payment was timely in light of claimant's delay in submitting all of the documentation necessary for that payment to be issued. We reject that contention. Defendant accepted the work of the project on November 24, 2003 but did not provide written notice to claimant of the missing documentation until August 3, 2005. We conclude that the 18-month period in question is not excluded for purposes of calculating the timeliness of defendant's final payment (*see* 2 NYCRR 18.13).

Finally, claimant is not aggrieved by the order denying defendant's motion, and thus its cross appeal must be dismissed (*see Weichert v Shea*, 186 AD2d 992; *see generally* CPLR 5511).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court