■ FAHS CONSTRUCTION GROUP, INC., Appellant, v STATE OF NEW YORK, Respondent. [999 NYS2d 244]—

McCarthy, J.P. Appeal from an order of the Court of Claims (Collins, J.), entered March 19, 2013, which, among other things, granted defendant's motion for summary judgment dismissing the claim.

In the summer of 2003, the parties entered into a contract for claimant to reconstruct a bridge and stretch of highway. Claimant completed the project after the deadline, which claimant alleges was due to delays allegedly caused by defendant and work being added to the contract without defendant providing for sufficient extensions. Claimant filed this claim alleging breach of contract and breach of the implied covenant of good faith and fair dealing. The Court of Claims granted defendant's motion for summary judgment dismissing the claim and denied, as academic, claimant's cross motion to amend the claim. Claimant appeals.

The Court of Claims properly granted defendant's motion for summary judgment. Claimant alleged seven specific items of damages, each of which was subject to contract provisions requiring that notice be provided to defendant within 10 work days and that certain records be kept and submitted to defendant. The contract provided that "[t]he notification and record-keeping provisions of this Contract shall be strictly complied with for disputes of any nature and are a condition precedent to any recovery" (*see Fahs Rolston Paving Corp. v County of Chemung*, 43 AD3d 1192, 1194 [2007]). No party can prevail on a breach of contract claim if that party has failed to perform a specified condition precedent (*see Phoenix Signal & Elec. Corp. v New York State Thruway Auth.*, 90 AD3d 1394, 1396-1397 [2011]). According to the contract, the contractor's failure to supply the required notice and submit the required records is deemed a waiver of any related claim by the contractor, "notwithstanding the fact that [defendant] may have actual notice of the facts and circumstances which comprise such dispute and is not prejudiced by said failure."

Defendant established its entitlement to summary judgment by submitting proof that claimant did not comply with the condi-

tion precedent, in that claimant did not provide timely notice for the alleged items of damages and did not timely submit the required records (*see Accadia Site Contr., Inc. v Erie County Water Auth.*, 115 AD3d 1351, 1352 [2014]). In response, claimant did not provide proof that it complied with the notice and record-keeping requirements, but argued that defendant waived noncompliance, had actual knowledge of the disputed items and prevented claimant from complying with those requirements. Those arguments are unavailing.

Defendant's discussion of the merits of the disputed items during the dispute resolution process did "not evince an explicit, unmistakable, and unambiguous waiver" of the notice and record-keeping requirements (*Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd.*, 95 AD3d 1479, 1484 [2012], *affd* 21 NY3d 255 [2013]; *see Silverstein Props. v Paine, Webber, Jackson & Curtis*, 104 AD2d 769, 771 [1984], *affd* 65 NY2d 785 [1985]). Claimant's allegations of defendant's actual knowledge of any disputes are unavailing, based on the contract language quoted above (*see Phoenix Signal & Elec. Corp. v New York State Thruway Auth.*, 90 AD3d at 1397). While "a party to a contract 'cannot rely on the failure of another to perform a condition precedent where he [or she] has frustrated or prevented the occurrence of the condition[,]' . . . the relevant inquiry is not simply one of [a party's] bad faith or negligence in the performance of the contract but additionally whether the alleged misconduct prevented or hindered [the other party's] compliance with the notice and reporting requirements" (*A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 31 [1998], quoting *Kooleraire Serv. & Installation Corp. v Board of Educ. of City of N.Y.*, 28 NY2d 101, 106 [1971]). Accepting claimant's allegations as true, claimant may have raised an issue as to misconduct by defendant as relates to the contract in general, but nothing that would prevent claimant from asserting notice or submitting records (*see A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d at 33; *Phoenix Signal & Elec. Corp. v New York State Thruway Auth.*, 90 AD3d at 1397; *see also Accadia Site Contr., Inc. v Erie County Water Auth.*, 115 AD3d at 1353).

Finally, the Court of Claims did not err in dismissing the cause of action for breach of the covenant of good faith and fair dealing, as "the implied obligation is only 'in aid and furtherance of other terms of the agreement of the parties,' and claimant has not alleged any applicable term of the [contract] to support it" (*Trump on the Ocean, LLC v State of New York*, 79 AD3d 1325, 1326 [2010], *lv dismissed and denied* 17 NY3d 770

[2011], quoting *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304 [1983] [internal citation omitted]). Essentially, "that cause of action was duplicative of the breach of contract cause[ ] of action" (*DiPizio Constr. Co., Inc. v Niagara Frontier Transp. Auth.*, 107 AD3d 1565, 1567 [2013]).

Egan Jr., Lynch, Devine and Clark, JJ., concur. Ordered that the order is affirmed, without costs.