■ RIDLEY ELECTRIC COMPANY, INC., Appellant, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent. [60 NYS3d 551]—

Garry, J. Appeal from an order of the Supreme Court (Platkin, J.), entered February 23, 2016 in Albany County, which, among other things, granted defendant's cross motion for summary judgment dismissing the complaint.

In May 2006, plaintiff entered into a contract with defendant to act as the prime contractor for electrical work in the construction of the New York State Veteran's Home, for a base price of approximately $5 million. Plaintiff had difficulty completing the work due to certain issues related to the ceiling design, and defendant made various adjustments to assist in resolving these issues. Plaintiff's work was substantially complete by September 2008, and the entire project was substantially complete by October 2008. In March 2009, plaintiff requested additional compensation for "extra work" that it allegedly performed related to the ceiling and other specified problems. In February 2010, defendant advised plaintiff that following a preliminary review, it had concluded that plaintiff was due some additional funds for labor costs incurred in performing extra work related to the ceiling, but

denied plaintiff's other claims. Change orders allowing the proposed additional funds were attached to the February 2010 correspondence. Plaintiff refused to sign these, and instead submitted two proposed change orders requesting additional sums. In response, defendant again issued change orders for the original sum.

Plaintiff then commenced this breach of contract action seeking damages representing the unpaid contract balance and delay damages.[1] Defendant answered and asserted affirmative defenses claiming, among other things, that plaintiff had failed to comply with the contractual notice and reporting requirements. Plaintiff moved for summary judgment as to liability, and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion, granted defendant's cross motion, and dismissed the complaint. Plaintiff appeals.

The parties' contract authorizes defendant to order a contractor to perform "extra work," defined as "[a]ny work in addition to the [w]ork" that the contractor was initially required to perform under the contract, and to use change orders to make appropriate adjustments in the contractor's consideration. If a contractor believes that it has been ordered to perform a task that should be considered extra work within the meaning of these provisions, the contractor is required to notify defendant of its extra work claim by filing a written notice within 15 days after being ordered to perform the work or beginning performance, whichever is earlier, and to submit documentation of, among other things, the anticipated cost of the extra work within 30 days. Failure to comply with these notice and reporting requirements is deemed to be "[a] conclusive and binding determination on the part of the [c]ontractor that [the work in question] does not involve extra work and is not contrary to the terms and provisions of the [c]ontract" and, also, "[a] waiver . . . of all claims for additional compensation or damages as a result of [the work]."

Notice and reporting requirements of this nature are "common in public works projects, provide public agencies with timely notice of deviations from budgeted expenditures . . . and allow them to take early steps to avoid extra or unnecessary expense, make any necessary adjustments, mitigate dam-

---

1. Plaintiff also asserted claims for unjust enrichment and liability under an account stated, but Supreme Court subsequently granted summary judgment dismissing these claims. As plaintiff asserted no related claims in its appellate brief, any such claims are deemed to be abandoned (*see Devine Real Estate, Inc. v Brennan*, 42 AD3d 646, 648 n [2007]).

ages and avoid the waste of public funds" (*A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 33-34 [1998]). Because of these important public policy considerations, such an expressly agreed-upon notice provision "must be literally performed," and a party who has failed to do so cannot prevail on a breach of contract claim (*Phoenix Signal & Elec. Corp. v New York State Thruway Auth.*, 90 AD3d 1394, 1396-1397 [2011] [internal quotation marks and citation omitted]; *see Fahs Constr. Group, Inc. v State of New York*, 123 AD3d 1311, 1311 [2014], *lv denied* 25 NY3d 902 [2015]; *Fahs Rolston Paving Corp. v County of Chemung*, 43 AD3d 1192, 1194 [2007]).

Plaintiff claims that it performed extra work, first, by having to install cable trays and run wires inside them in ceiling spaces that were too small to accommodate them,[2] and second, by performing certain cleanup work. The parties agree that plaintiff became aware of the ceiling issue soon after it commenced work in May 2007, and the record reveals that defendant advised plaintiff in writing in April 2008 that it considered the cleanup work to fall within the scope of the contract. Plaintiff concedes that it did not provide defendant with timely notice of these claims as required by the contract, but contends that Supreme Court nevertheless erred in dismissing the complaint because defendant knew that plaintiff was performing extra work and waived the notice and reporting requirements by offering to make partial payment in response to plaintiff's belated request.

Turning first to defendant's cross motion for summary judgment, defendant submitted the affidavits and deposition testimony of two managerial employees familiar with the project. They acknowledged that the difficulty of plaintiff's work was increased to some extent by ceiling space limitations that plaintiff could not have anticipated, but asserted that the difficulties were considerably less than plaintiff claimed, and could have been partly ameliorated if plaintiff had properly coordinated its work with other contractors. Defendant's employees further asserted that the cleanup work was plaintiff's responsibility under the contract. Their testimony and the record evidence established, as plaintiff concedes, that plaintiff did not submit extra work claims for either issue until March 2009, after the project had been substantially completed and almost two years after construction commenced. As Supreme Court found, this showing that plaintiff failed to comply with the notice and reporting requirements of the contract was suf-

---

**2.** A cable tray holds low-voltage cables and is installed in the space above a ceiling.

ficient to meet defendant's prima facie burden to establish its entitlement to summary judgment (*see Tougher Indus., Inc. v Dormitory Auth. of the State of N.Y.*, 130 AD3d 1393, 1397 [2015]; *Fahs Constr. Group, Inc. v State of New York*, 123 AD3d at 1311-1312; *Kingsley Arms, Inc. v Sano Rubin Constr. Co., Inc.*, 16 AD3d 813, 814 [2005]).

The burden thus shifted, and plaintiff submitted testimony and affidavits of defendant's employees acknowledging that defendant knew of the ceiling issue, and stating their belief that plaintiff was entitled to some related compensation. However, despite defendant's conceded knowledge of the ceiling space issue, actual notice does not suffice to excuse lack of compliance with a strict contractual notice requirement such as that at issue here (*see Phoenix Signal & Elec. Corp. v New York State Thruway Auth.*, 90 AD3d at 1397; *Kingsley Arms, Inc. v Sano Rubin Constr. Co., Inc.*, 16 AD3d at 815). Moreover, defendant's general awareness of the ceiling space limitation is not equivalent to timely knowledge that plaintiff claimed that this limitation required it to perform extra work beyond the contemplation of the original contract. Defendant's employees alleged that there were attempts made to accommodate plaintiff by such measures as lowering ceilings, permitting the use of hooks rather than cable trays, and placing certain wires under floors rather than above the ceilings, and asserted that these measures not only solved many of the ceiling space issues but also resulted in significant savings of labor and expense for plaintiff. There is no evidence that plaintiff claimed that extra work was required despite these accommodations or provided defendant with actual "timely notice of deviations from budgeted expenditures" that would have allowed it to plan for extra work expenses during construction (*A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d at 34; *see Tougher Indus., Inc. v Dormitory Auth. of the State of N.Y.*, 130 AD3d at 1397; *compare G. De Vincentis & Son Constr. v City of Oneonta*, 304 AD2d 1006, 1008-1009 [2003]).

As previously mentioned, plaintiff also attempted to present issues of fact by asserting that defendant waived the contractual notice requirements by rendering the offer of partial compensation for the extra work claim related to the ceiling in February 2010. A party's intention to relinquish a known contractual right must be "explicit, unmistakable, and unambiguous" (*Fahs Constr. Group, Inc. v State of New York*, 123 AD3d at 1312 [internal quotation marks and citations omitted]). Plaintiff claims that the offer to make partial payment on the extra work claims revealed such an intention due to de-

fendant's failure to mention the absence of timely notice. However, "the intent to waive a right must be unmistakably manifested, and is not to be inferred from a doubtful or equivocal act" (*Navillus Tile v Turner Constr. Co.*, 2 AD3d 209, 211 [2003] [internal quotation marks and citation omitted]).

Here, review of the pertinent documents reveals multiple provisions contradicting the claim that partial payment constitutes a waiver of the notice and reporting requirements. The parties' contract gives defendant the general authority to order extra work and compensate contractors through change orders, as it did here, "[w]ithout invalidating the [c]ontract," and further provides that "[a]ny partial payment made shall *not* be construed as a waiver of the right of [defendant] to require the fulfillment of all the terms of the [c]ontract" (emphasis added). Further, the change orders by which defendant tendered payment to plaintiff provide that "[defendant] reserves its rights to rely on and enforce the terms of the [c]ontract . . . in connection with this change" and that "[n]either this change order nor any extension of time for performance granted hereunder constitutes an admission by [defendant] that it is responsible for any delays or hindrances to [w]ork under the [c]ontract." In view of these express reservations, and in the absence of any statement to the contrary, defendant's willingness to compensate plaintiff for a limited amount of extra work cannot be construed as an express and unequivocal manifestation of its intent to waive reliance upon the contract's notice and reporting requirements as to the extra work claim as a whole. Accordingly, plaintiff did not establish the existence of triable issues of fact on its waiver claim, and Supreme Court properly granted summary judgment to defendant dismissing the complaint (*see Tougher Indus., Inc. v Dormitory Auth. of the State of N.Y.*, 130 AD3d at 1396-1397; *Fahs Constr. Group, Inc. v State of New York*, 123 AD3d at 1312; *Sicoli & Massaro v Niagara Falls Hous. Auth.*, 281 AD2d 966, 966 [2001]).

Peters, P.J., Egan Jr., Rose and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.