Framan Mech., Inc. v State Univ. Constr. Fund (2020 NY Slip Op 02510)





Framan Mech., Inc. v State Univ. Constr. Fund


2020 NY Slip Op 02510


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

528439

[*1]Framan Mechanical, Inc., Appellant,
v
State University Construction Fund, Respondent. (And Two Other Related Actions.)

Calendar Date: February 21, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Colangelo, JJ.


Hodgson Russ LLP, Albany (Scott C. Paton of counsel), for appellant.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (Platkin, J.), entered December 31, 2018 in Albany County, which, among other things, granted defendant's motion for partial summary judgment.
In January 2011, defendant awarded plaintiff a contract to perform a multi-phased mechanical systems upgrade and renovation (hereinafter the project) of the Life Sciences Building at the State University of New York at Stony Brook, for a contract price of $13,267,000. The comptroller approved the project in March 2011, plaintiff received notice to proceed in April 2011, the project commenced in May 2011 and the deadline for substantial completion was scheduled for March 1, 2013. An extension was later granted, extending the substantial completion deadline to June 26, 2013. Following commencement of the project, plaintiff encountered numerous construction delays that it claims were the result of, among other things, defendant's project mismanagement and interference, uncontemplated design changes and errors, work stoppages and defendant's failure to process and/or respond to change order proposals. Ultimately, plaintiff completed work on the project in October 2013. In November 2013, plaintiff submitted a request seeking additional remuneration from defendant for various outstanding disputed change orders and other costs that it incurred as a result of the numerous project delays. No additional compensation was subsequently forthcoming from defendant.
Plaintiff thereafter commenced this action asserting causes of action for, as relevant here, breach of contract, seeking damages for extra work and delay damages. Defendant answered, asserting numerous affirmative defenses, including plaintiff's failure to comply with the contract's notice provisions, and counterclaimed for breach of contract.[FN1] Following discovery, defendant moved for partial summary judgment dismissing, as relevant here, that part of plaintiff's first cause of action as sought damages for extra work and the second cause of action for delay damages. Supreme Court granted defendant's motion, finding that plaintiff's extra work claim was barred as a result of its failure to abide by the contract's notice provisions, and its claim for delay damages was precluded given the inclusion of a "no damages for delay" clause in the contract.[FN2] Supreme Court further concluded that the contract delays for which plaintiff was seeking damages were "within the contemplation of a prime contractor on a large commercial construction project." Plaintiff appeals.
Plaintiff claims that Supreme Court erred in granting defendant's motion for partial summary judgment dismissing its claims for extra work and delay damages as defendant failed to establish its prima facie entitlement to summary judgment. We agree. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and the evidence produced by the movant must be viewed in the light most favorable to the nonmovant, affording the nonmovant every favorable inference" (Andrew R. Mancini Assoc., Inc. v Mary Imogene Bassett Hosp., 80 AD3d 933, 935 [2011] [internal quotation marks and citations omitted]). "Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986] [citation omitted]).
When dealing with public construction contracts, contractual notice and reporting provisions generally serve as conditions precedent to suit or recovery (see A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20, 31 [1998]; Fahs Rolston Paving Corp. v County of Chemung, 43 AD3d 1192, 1194 [2007]). As relevant here, section 2.05 (1) of the contract provides that defendant "reserves the right at any time during [the project] to add, modify or change the work covered by the [c]ontract." In the event that defendant ordered plaintiff to perform extra work, pursuant to section 2.03 (1) (b) of the contract, plaintiff was required to comply with any such order and, thereafter, "[f]ile with [defendant] and [the contract consultant], within five (5) working days after being ordered to perform the work claimed by it to be extra work or within five (5) working days after commencing performance of the extra work, . . . a written notice of the basis of its claim and request a determination thereof." Thus, the "[f]ailure to strictly comply with [the relevant notice] provisions generally constitutes waiver of a claim for additional compensation" or extra work (Fahs Rolston Paving Corp. v County of Chemung, 43 AD3d at 1194; see Phoenix Signal & Elec. Corp. v New York State Thruway Auth., 90 AD3d 1394, 1397 [2011]).
With regard to delay damages, a contract clause that bars a contractor from recovering damages for delay in the performance of a contract by a contractee are generally valid and enforceable and "will prevent recovery of damages resulting from a broad range of reasonable and unreasonable conduct by the contractee if the conduct was contemplated by the parties when they entered into the agreement" (Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 305 [1986]). However, where, as here,[FN3] a construction contract contains a "no damages for delay" clause, various exceptions exist and a contractor may still recover damages for "(1) delays caused by the contractee's bad faith or its willful, malicious, or grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee's breach of a fundamental obligation of the contract" (Clifford R. Gray, Inc. v City School Dist. of Albany, 277 AD2d 843, 844 [2000] [internal quotation marks and citation omitted]). Accordingly, as the moving party, it was defendant's burden to demonstrate "prima facie that none of the exceptions to the damages for delay clause are present" (Tougher Indus., Inc. v Dormitory Auth. of the State of N.Y., 130 AD3d 1393, 1393-1394 [2015] [internal quotation marks and citations omitted]).[FN4]
In support of its motion for partial summary judgment, defendant submitted a copy of the contract and the affidavit of Donald Chester, the associate project coordinator for defendant. In his supporting affidavit, Chester avers that he reviewed the records maintained by defendant, including a two-page spreadsheet that plaintiff provided in response to defendant's bill of particulars specifically listing its disputed change order proposals, "and can verify that [plaintiff] did not provide contractually required notice for any of the [c]hange [o]rder proposals" that it submitted. However, upon review, it is not evident from Chester's affidavit or other documentary evidence filed in support thereof as to when plaintiff's obligation to provide such contractual notice for each of its claims began to run and whether its submissions in this regard satisfied its notice obligations. In other words, although the terms of the contract make plain that the parties contemplated the possibility of change orders, extra work and potential acts or omissions by the contractee, and made plaintiff's provision of proper contractual notice a condition precedent to suit, it cannot be determined from defendant's submissions, other than Chester's conclusory assertion, whether plaintiff complied with the applicable notice provisions.
Chester further avers that the "no damages for delay" clause set forth in section 3.05 (7) served to bar plaintiff's claim for delay damages. However, the mere existence of a "no damages for delay clause," standing alone, is insufficient to establish the applicability of the defense as a matter of law (see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 177 AD3d 595, 597 [2019]). Although Chester provides a conclusory blanket assertion that none of the exceptions to enforcement of the "no damages for delay" clause were applicable, said assertion was insufficient in and of itself to establish defendant's prima facie entitlement to summary judgment dismissing plaintiff's second cause of action for delay damages (see id. at 597-598; compare Ridley Elec. Co., Inc. v Dormitory Auth. of the State of N.Y., 152 AD3d 1129, 1131-1132 [2017]; Fahs Rolston Paving Corp. v County of Chemung, 43 AD3d at 1194). Accordingly, based on the foregoing, we find that Supreme Court erred in granting summary judgment dismissing plaintiff's first causes of action seeking damages for extra work and second cause of action for delay damages.
Lynch, Devine, Aarons and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment dismissing plaintiff's (1) first cause of action to the extent that it sought extra work and (2) second cause of action for delay damages; motion denied to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Subsequently, SPJ Piping Corp. and Roland's Electric, Inc., two of plaintiff's subcontractors for the project, commenced separate actions against plaintiff to recover damages for extra work. Plaintiff served defendant with a third-party complaint and a second third-party complaint, respectively, in the context of these separate actions. To the extent that plaintiff sought recovery for the same extra work as alleged in its complaint, both third-party actions were severed, transferred to Albany County and joined with this action for the purposes of disclosure and trial.

Footnote 2: Plaintiff's first cause of action for breach of contract also stated a claim for the unpaid contract balance and its third and fourth causes of action asserted quasi-contractual claims for unjust enrichment and quantum meruit. Supreme Court also granted summary judgment dismissing plaintiff's third and fourth causes of action, and, to the extent that plaintiff does not challenge these dismissals on appeal, we deem any such challenge to be abandoned (see Ridley Elec. Co., Inc. v Dormitory Auth. of the State of N.Y., 152 AD3d 1129, 1130 [2017]). Plaintiff's breach of contract claim seeking damages for the unpaid contractual balance is not at issue on appeal.

Footnote 3: Section 3.05 (7) of the contract provided a "no damages for delay clause," which states, in relevant part, that "[i]f [plaintiff] shall claim to have sustained any damages by reason of delays, extraordinary or otherwise, or hindrances which it claims to be due to any action, omission, direction or order by [defendant] . . ., [plaintiff] shall be entitled only to an extension of time . . . and shall not have or assert any claim or prosecute any suit, action, cause of action or proceeding against [defendant] based upon such delays or hindrances, unless such delays or hindrances were caused by [defendant's] bad faith or its willful, malicious, or grossly negligent conduct, or uncontemplated delays, or delays so unreasonable that they constitute an intentional abandonment of the contract by [defendant], or delays resulting from [defendant's] breach of fundamental obligation of the contract."

Footnote 4: Said exceptions were explicitly incorporated into the parties' contract.