MLB Constr. Servs., LLC v Dormitory Auth. of the State of N.Y. (2021 NY Slip Op 02852)





MLB Constr. Servs., LLC v Dormitory Auth. of the State of N.Y.


2021 NY Slip Op 02852


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

530227
[*1]MLB Construction Services, LLC, Appellant,
v
Dormitory Authority of the State of New York, Respondent.

Calendar Date:March 11, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ.

Tobin and Dempf, LLP, Albany (Michael L. Costello of counsel), for appellant.
Hinckley, Allen & Snyder LLP, Albany (Nathan R. Sabourin of counsel), for respondent.
Couch White, LLP, Albany (Joel M. Howard III of counsel), for Associated General Contractors of New York State, LLC and others, amici curiae.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Ryba, J.), entered October 4, 2019 in Albany County, which, among other things, partially granted defendant's motion for summary judgment dismissing the complaint.
In December 2013, defendant awarded plaintiff a $13,758,190 contract to perform general contractor services in conjunction with a project to renovate and abate asbestos in LaFevre Hall at the State University of New York at New Paltz. The deadline for substantial completion was scheduled for no later than July 16, 2014. The project was completed on time, although there were numerous delays and change orders. Defendant approved 43 change orders which increased the contract total to $14,419,627.83. Plaintiff commenced this action asserting causes of action for unjust enrichment, breach of contract and quantum meruit resulting in damages in the amount of $1,274,027, plus interest. As relevant here, plaintiff alleged that defendant failed to respond to several change orders and that it is entitled to extra work, acceleration and delay damages. Defendant answered asserting numerous affirmative defenses, including plaintiff's failure to comply with the contract's notice provisions, and counterclaimed for breach of contract. Following discovery, defendant moved for summary judgment dismissing all three causes of action in the complaint. Supreme Court dismissed all causes of action except that part of the breach of contract claim as sought to recover the unpaid balance of the contract retainage. The court found that plaintiff's extra work claim was barred as a result of its failure to abide by the contract's notice provisions, and its claim for delay damages was precluded based on the contract's "no damages for delay" clauses. Plaintiff appeals.
Article 10 of the public contract between the parties contains provisions for the notification of claims. Specifically, section 10.01 (A) and (B) require plaintiff to provide a written notice of the claim to the owner's project manager within 15 working days and written documentation substantiating the claim within 90 working days of the initial notice of said claim, along with a certification as to the value of the assigned work, material and equipment. Section 10.02 (A) provides that if plaintiff "wishes to make [a] [c]laim for an increase in the [w]ork of the [c]ontract . . ., [it must] be filed in accordance with the procedure [in said section]" and section 10.02 (B) states that "[n]o payment for [e]xtra [w]ork shall be allowed unless directed by a [n]otice to [p]roceed." Significantly, section 10.02 (C) specifically states that plaintiff's "failure to comply with any or all parts of [a]rticle 10 shall be deemed to be . . . [a] waiver by [plaintiff] of all claims for additional compensation or damages." Notice requirements of this type are commonplace in public contracts as they "provide public agencies with timely notice of deviations from budgeted expenditures and allow them to take early [*2]steps to avoid extra or unnecessary expense, make any necessary adjustments, mitigate damages and avoid the waste of public funds" (Ridley Elec. Co., Inc. v Dormitory Auth. of the State of N.Y., 152 AD3d 1129, 1130 [2017] [internal quotation marks, ellipsis and citation omitted]). These clauses, which "require the contractor to promptly notice and document its claims made under the provisions of the contract governing the substantive rights and liabilities of the parties[,] . . . are . . . conditions precedent to suit" (A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20, 30-31 [1998]). Finally, strict compliance with these clauses is required (see Fahs Rolston Paving Corp. v County of Chemung, 43 AD3d 1192, 1194 [2007]).
Plaintiff first contends that defendant waived enforcement of the notice provisions of the contract. Specifically, plaintiff contends that defendant's course of conduct in receiving, discussing, reviewing and negotiating change orders over 23 months, without objecting to or rejecting the change orders as untimely, raises an issue of fact as to whether defendant's actions constituted a waiver of the notice provisions. In essence, plaintiff argues that defendant's failure to act "hoodwinked" plaintiff into believing that defendant was waiving its right to demand strict compliance. This argument is unpersuasive. A waiver is an intentional relinquishment of a known right and, as such, must be "explicit, unmistakable, and unambiguous" (Fahs Constr. Group, Inc. v State of New York, 123 AD3d 1311, 1312 [2014] [internal quotation marks and citation omitted], lv denied 25 NY3d 902 [2015]). It cannot be inferred by a doubtful or equivocal act, and the discussion of disputed items in an attempt to resolve them does not evince a waiver of the requirements (see id. at 1312). Moreover, a review of the contract confirms that no provision therein imbues defendant with any affirmative duty to object. On the contrary, if anything, article 10 of the contract contradicts any impression that mere silence equates to acceptance. Indicative of this is section 10.02, which, as noted, provides that the contractor will not receive payment for any extra work unless said work is directed by a notice to proceed executed by the owner, and section 10.03, which states that defendant's failure to respond to a request from plaintiff within 30 days is deemed a denial. In light of this, and in the absence of an "explicit, unmistakable, and unambiguous" statement to the contrary, plaintiff did not establish the existence of a triable issue of fact on its waiver claim (Ridley Elec. Co., Inc. v Dormitory Auth. of the State of N.Y., 152 AD3d at 1133 [internal quotation marks and citations omitted]).[FN1]
Plaintiff next contends that Supreme Court erred in overlooking critical evidence that defendant had actual notice of its claim for extra work that was given during project meetings, in response to notices to proceed and in direct conversations with defendant's [*3]representatives. As Supreme Court concluded and the record confirms, plaintiff did not strictly comply with the notice provisions. Evidence of actual notice does not relieve plaintiff of its duty of strict compliance as "actual notice does not suffice to excuse lack of compliance with a strict contractual notice requirement" (Ridley Elec. Co., Inc. v Dormitory Auth. of the State of N.Y., 152 AD3d at 1132; see Tougher Indus., Inc. v Dormitory Auth. of the State of N.Y., 130 AD3d 1393, 1397 [2015]; Fahs Constr. Group, Inc. v State of New York, 123 AD3d at 1312; compare G. De Vincentis & Son Constr. v City of Oneonta, 304 AD2d 1006, 1008-1009 [2003]).
Plaintiff next argues that enforcement of the notice provisions results in a disproportionate forfeiture. "[T]o the extent that the non-occurrence of a condition would cause disproportionate forfeiture, a court may excuse the non-occurrence of that condition unless its occurrence was a material part of the agreed exchange" (Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 691 [1995] [internal quotation marks and citation omitted]). In support of this argument, plaintiff relies on Danco Elec. Contrs., Inc. v Dormitory Auth. of the State of N.Y. (162 AD3d 412 [2018]), in which the First Department found that the plaintiff had given timely notice and documented the costs to the defendant, but that said notices had lacked the verifications prescribed under a term of the contract, in essence finding that the lack of the verifications was not a material part of the agreed exchange. That is not the case here. Plaintiff, a sophisticated commercial business, assumed the risk of its failure to comply with the conditions precedent. Further, the acts of providing timely written notice of a claim and documentation were solely, exclusively and easily within plaintiff's control. Defendant did not prevent or hinder plaintiff's ability to timely submit its notice of any claims or records to substantiate its claims (see A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d at 31-32). "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]), especially in the context of a commercial contract negotiated at arm's length by a sophisticated business and the state (see Kalisch-Jarcho, Inc. v City of New York, 58 NY2d 377, 384 [1983]).
Plaintiff further challenges the enforceability of the contract's "no damages for delay" clauses. Found in sections 10.03 and 4.10 (F), these clauses provide that plaintiff bears the risk of all delays. As a general rule, clauses of this type are valid and enforceable (see Tougher Indus., Inc. v Dormitory Auth. of the State of N.Y., 130 AD3d at 1393). However, there are exceptions to their enforceability. "[A] contractor may still recover damages for (1) delays caused by the contractee's bad faith or its willful, malicious, or [*4]grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee's breach of a fundamental obligation of the contract" (Framan Mech., Inc. v State Univ. Constr. Fund, 182 AD3d 947, 949-950 [2020] [internal quotation marks and citations omitted]). "On a motion for summary judgment, a defendant seeking to dismiss a cause of action to recover damages arising from a delay bears the initial burden of demonstrating prima facie that none of the exceptions to the 'damages for delay' clause are present" (Blue Water Envtl., Inc. v Incorporated Vil. of Bayville, N.Y, 44 AD3d 807, 810 [2007] [citation omitted], lv denied 10 NY3d 713 [2008]).
Initially, with respect to notice, we agree with Supreme Court that defendant, through the submission of various evidence — including a copy of the contract, the affidavits of its project manager and chief of project controls, and transcripts of plaintiff's representatives — carried its initial burden and, in doing so, shifted the burden to plaintiff to raise a material issue of fact (see Fahs Constr. Group, Inc. v State of New York, 123 AD3d at 1311-1312; Accadia Site Contr., Inc. v Erie County Water Auth., 115 AD3d 1351, 1352 [2014]). A review of the record confirms Supreme Court's assessment that the delays, while multiple, do not demonstrate gross negligence or bad faith on the part of defendant. "Gross negligence cannot be demonstrated merely by accumulating a sufficient number of 'garden variety' failures" (Tougher Indus., Inc. v Dormitory Auth. of the State of N. Y., 130 AD3d at 1396 [citation omitted]). Here, the alleged design errors, omissions and noncompliance with contract specifications arose from the contract work itself or from other causes that the parties contemplated to be within the contract's exculpatory clauses. Likewise, plaintiff has not demonstrated any malicious, sinister intention or dishonest purpose in defendant's actions in attempting to resolve and pay for certain change orders that would amount to bad faith on the part of defendant (see Kalisch-Jarcho, Inc. v City of New York, 58 NY2d at 385). Plaintiff failed to demonstrate a triable issue of fact as to any exceptions to the "no damages for delay" clauses and its acceleration and delay damages claims were properly dismissed (see Tougher Indus., Inc. v Dormitory Auth. of the State of N.Y., 130 AD3d at 1396; Blue Water Envtl., Inc. v Incorporated Vil. of Bayville, N.Y., 44 AD3d at 810).
Garry, P.J., Egan Jr., Clark and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Plaintiff's argument that the use of the permissive term "may" in section 10.01 (B) (2) relieves it of strict compliance is perplexing, especially when the permissive term pertains to defendant's actions.