Homapour v Harounian (2021 NY Slip Op 07080)





Homapour v Harounian


2021 NY Slip Op 07080


Decided on December 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 21, 2021

Before: Acosta, P.J., Gische, Webber, Friedman, Kennedy, JJ. 


Index No. 653795/15 Appeal No. 14800 Case No. 2021-01951 

[*1]Mehrnaz Nancy Homapour, etc., et al., Plaintiffs,
v
Mark Harounian et al., Defendants-Respondents, Orange & Blue LLC, et al., Defendants. Shahriar Homapour, Nonparty Appellant.


Oved & Oved LLP, New York (Glen Lenihan of counsel), for appellant.
Pryor Cashman LLP, New York (William L. Charron of counsel), for respondents.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered May 27, 2021, which denied nonparty appellant Shahriar Homapour's notice of exception to an April 28, 2021 decision of the Special Referee finding that he had waived common interest, work product, and trial preparation privileges, and ordering him to produce documents withheld on such grounds, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the notice of exception granted, and the decision of the Special Referee vacated. This appeal presents the question of whether nonparty appellant waived the common interest, work product and trial preparation privileges with respect to the documents subpoenaed by defendants-respondents in this action brought against them by nonparty appellant's wife, among others. "Waiver is an intentional relinquishment of a known right and should not be lightly presumed" (Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968 [1988]). Accordingly, waiver should not be found absent "evidence from which a clear manifestation of intent . . . to relinquish [the right in question] could be reasonably inferred" (id.; see also Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006] [same]; Wilmington Trust v MC-Five Mile Commercial Mtge. Fin. LLC, 171 AD3d 591, 592-593 [1st Dept 2019] [same]). Waiver "will . . . [not] be implied unless the opposite party is misled to his or her prejudice into the belief that a waiver was intended" (Jin Ming Chen v Insurance Co. of State of Pa., 165 AD3d 588, 589 [1st Dept 2018] [internal quotation marks omitted], affd 36 NY3d 133 [2020]); hence, a finding of waiver cannot be based upon "mere silence or oversight," or upon "mistake, negligence or thoughtlessness" (Matthew Adam Props., Inc. v United House of Prayer for All People of the Church on the Rock of the Apostolic Faith, 126 AD3d 599, 601 [1st Dept 2015]; see also MLB Constr. Servs., LLC v Dormitory Auth. of the State of N.Y., 194 AD3d 1140, 1141 [3d Dept 2021] [waiver "must be explicit, unmistakable, and unambiguous," and "cannot be inferred by a doubtful or equivocal act"] [internal quotation marks omitted], lv dismissed 37 NY3d 1046 [2021]). The burden of proving waiver rests with the party asserting it (see City of New York v State of New York, 40 NY2d 659, 669 [1976]). Under the standards set forth above, the Special Referee's finding of waiver cannot be sustained. Appellant had asserted each of the three privileges at issue (which, again, were those for common interest, work product and trial preparation) in his written responses and objections to the subpoena duces tecum. The scope of the first motion to compel compliance with the subpoena was limited, by the Special Referee's express direction, to "the issues raised in . . . [defendants-respondents'] Dispute Letter No. 5," which letter did not refer to the three aforementioned privileges at issue on this appeal. Accordingly, that appellant [*2]did not address those three privileges in his opposition to the first motion to compel cannot be deemed to have constituted a waiver of those three privileges. Nor can such a waiver be inferred from appellant's oral agreement at a conference to litigate the first motion to compel before he had produced a privilege log, since a privilege log was not necessary to determine the validity of the global privilege claims that were to be addressed in the first motion to compel (specifically, claims of privilege based on appellant's status as plaintiff's husband and his alleged status as her agent). Accordingly, appellant's agreement that his spousal and agency privilege claims were ripe for litigation in the absence of a privilege log did not necessarily imply that other privilege claims he had asserted in his response to the subpoena (which were not all-embracing and therefore would require a privilege log) were being dropped. Finally, it is not alleged that appellant or his counsel expressly orally waived the privilege claims at issue, nor does the record reflect that appellant engaged in any gamesmanship with respect to his privilege claims or that he ever "misled [defendants-respondents] to [their] prejudice into the belief that a waiver was intended" (Jin Ming Chen, 165 AD3d at 589 [internal quotation marks omitted]). In sum, there is nothing in the record "from which a clear manifestation of intent . . . to relinquish [the three privilege claims] could be reasonably inferred" (Gilbert Frank Corp., 70 NY2d at 968). We decline to reach the merits of the privilege claims at issue as the merits of those claims have not yet been addressed by Supreme Court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2021